CRIDDLE'S ADMINISTRATOR, Appellant, *vs.* CRIDDLE, Respondent.

1. Under the 5th section of the act concerning fraudulent conveyances, (R. C. 1845,) the administrator of a party who has been in possession of personal property five years under a loan, cannot, as representing creditors of his intestate, impeach the title of the lender.

2. The declarations of a party in possession of personal property against his title are admissible ; but declarations by him on other occasions, in support of his title, are not admissible even in rebuttal.

*Appeal from Cape Girardeau Circuit Court.*

This was an action brought by the administrator of William S. Criddle, to recover the value of a female slave, alleged to have belonged to the estate of his intestate, and to have been converted by the defendant.

At the trial before a jury, it appeared in evidence that the slave originally belonged to the defendant, the father of the plaintiff's intestate, but had been in possession of the plaintiff's intestate more than five years before his death. The plaintiff offered to prove the declarations of his intestate while in possession of the slave as to his right to her, but the evidence was excluded, and an exception taken. The defendant introduced evidence of declarations by the plaintiff's intestate while in possession of the slave that she did not belong to him, but to his father. Some of these declarations were made at a time when the intestate was threatened with law suits.

Among other instructions given for the defendant, about

which no question is here made, was the following, to which the plaintiff excepted :

" 5. The administrator of William S. Criddle, in this case, does not represent the creditors of William S. Criddle. He only represents the personal interest of Wm. S. Criddle."

There was a verdict for the defendant, and the plaintiff afterwards appealed.

*J. W. Noell,* for appellant. 1. The 5th instruction was erroneous. The administrator is trustee for the creditors as well as heirs, and as such can recover for the benefit of creditors property to which his intestate had claimed a title by possession under the 5th section of the act concerning fraudulent conveyances. (R. C. 1845.) 2. The declarations of Wm. S. Criddle, as to his right to the slave, should have been admitted, especially as other declarations made by him against his right, apparently with a view to keep off creditors, were admitted when offered by the defendant. The declarations of a party in actual possession are always admitted to show the character of his claim, whether adverse to another claim or not.

*Glover & Richardson,* for respondent.

SCOTT, Judge, delivered the opinion of the court.

1. We see no error in the trial of this cause. The loan of the slave by the defendant to his son may have been fraudulent as to the creditors of the son, and as to them, the son's title to the slave may have been valid in law. But if the transaction was a loan between the defendant and his son, it still continued one, and the administrator of the son had no title to the slave as against the defendant. If the creditors of the son have been defrauded by a pretended loan, their remedy is against the defendant as executor *de son tort* of his son. The 5th instruction complained of was intended to convey no other idea than that here expressed, and could have done no harm under this view of the law.

2. Where a person is in possession of property, whether real or personal, and nothing more appears, the law presumes that.

he is the owner of it.   He cannot, whilst thus possessed, make a title for himself by his own declarations or assertions.   But his declarations against the presumption which the law makes in his favor, may be given in evidence to disprove the presumption, and to show that he has a less or no interest in the property of which he is possessed.   This, we understand to be the rule on the subject of declarations made by one apparently the owner of property, and so it has been repeatedly declared by this court.   Now this rule would be of little or no value, and, indeed, would be dangerous, if, when declarations against a party's interest are offered in evidence, it should be allowed him to bring in declarations made on other occasions making title in himself, on the pretence of disproving those made against his interest.

The other judges concurring, the judgment will be affirmed.