WATSON *et al.*, Respondents, v. BISSELL, Appellant.

1. Where the possession of land by a party in whose favor it is sought to invoke the presumption of a deed is entirely consistent with title in another—as where a father (in whose behalf the presumption is invoked as against his son and the son's heirs) is in possession of land during the minority of the son, or after the death of the son, at which time the law devolved a life interest in the land of the son upon the father—such possession will not authorize the presumption of a conveyance.

2. Declarations of a person in possession of land as a life tenant can not be received in evidence to elevate his life estate into an estate in fee.

*Appeal from St. Louis Land Court.*

This was an action to recover possession of three fifty-fifths of a tract of land confirmed to Leon N. St. Cyr. There was a recovery had as to one fifty-fifth of said tract of land in behalf of Virginia Christy, one of the plaintiffs. The other plaintiffs were cut off by the rulings of the court on the statute of limitations. With respect to said Virginia, it was admitted that if she was entitled to recover she was entitled to recover one fifty-fifth part. It appeared that Virginia Christy was a daughter of Israel Reed Christy, who was a son of William Christy, who died in 1839; that said William and his wife Constance had five children including said Israel, all of whom survived their mother, who died in 1822 or 1823; that said Virginia was the only surviving child of said Israel, and was ten years old at the time of the trial. Said Constance, the mother of Israel, was the daughter of Hyacynth St. Cyr, who had twelve children, one of whom was Leon N. St. Cyr, who was born in 1787, and who about the year 1809 went away and was never heard of again, and was supposed to have been drowned in the Mississippi river. The father and mother of said Leon N. St. Cyr died in 1826. Israel Reed Christy was born in 1816 and died in 1851. Constance, wife of William Christy, was born in November, 1785, and was married in 1807. The land sought to be recovered was confirmed to said Leon N. St. Cyr. It appeared in evidence that Hyacynth St. Cyr was in possession of this

land from about 1800 or 1802 until 1817, when he conveyed the same to Joseph Brazeau, from whom defendant has a regular chain of title. The defendant offered to prove that Hyacynth St. Cyr (the father) claimed the land in question as his own and publicly declared that it belonged to him from 1802 to 1817, when he sold to Brazeau. The court excluded this testimony.

It is deemed unnecessary to set forth the instructions given and refused. The court refused to give certain instructions asked by defendant authorizing the jury to presume title in Hyacynth St. Cyr at the date of the deed to Brazeau.

*Krum & Harding*, for appellant.

I. A state of facts was shown in evidence from which a deed to or title in fee in Hyacynth St. Cyr might have been presumed by the jury. The instructions based hypothetically on these facts should have been given. (16 Pick. 137 ; 17 id. 255 ; 1 Harr. & Jo. 527 ; Dessaunier v. Murphy, 22 Mo. 95 ; 2 Swan, 27, 109 ; 7 Rich., S. C., 353 ; 13 Ired. 262 ; 2 Strobh. 141 ; 2 Rich. 19 ; 7 Ired. 135 ; 1 Turn. & Rus. 107 ; 2 Taunt. 156 ; 5 J. J. Marsh. 545 ; 3 Johns. Ch. 129 ; 20 Ohio, 231 ; 3 Strobh. 598, 501 ; 9 Yerg. 455 ; 5 Dev. & Bat. 407.)

II. The evidence excluded was competent.

*Breckinridge & Page*, for respondent.

I. The instruction given stated the law properly to the jury. (Geyer's Dig. 474, 478 ; 2 Am. State Papers, 455–6 ; 2 id. 298 , 8 Mo. 528 ; Hogan v. Page, 22 Mo. 63 ; Mercier v. Letcher, 22 Mo. 66 ; Berthold v. McDonald, 24 Mo. 133 ; 15 Mo. 87 ; 1 Terr. Laws, p. 129, 401 ; 5 Humph. 117 ; 1 R. C. 1855, p. 692 ; R. C. 1825, tit. Limitations, § 2 & 3.)

II. This was no case for the presumption of a deed. The instructions asked by defendant were properly refused. They asked the court to advise the jury to presume a deed from acts of ownership by a father over the property of a minor son in the first place, and afterwards by a life-tenant and his

15—VOL. XXVII.

grantee. The facts from which such presumption is asked to be drawn are perfectly consistent with plaintiff's title. (1 Greenl. Ev. § 46, 17; 1 Phil. Ev. 161–2; 1 Cow. & Hill's Notes, 356, 365; Dessaunier v. Murphy, 22 Mo. 105; Cowp. 214; Sumner v. Child, 2 Conn. 615; 19 Mo. 360.) The other instructions were properly refused.

III. The court properly excluded the declarations of Hyacynth St. Cyr. (9 Mo. 797; 21 Mo. 522; 16 Mo. 242.)

NAPTON, Judge, delivered the opinion of the court.

We can not perceive any thing in the circumstances of this case which would warrant a court or jury in presuming a deed from Leon N. St. Cyr to the father Hyacynth St. Cyr. On the contrary, such a presumption would neither consist with the facts proved or admitted relative to possession, or with the deed from the elder St. Cyr to Brazeau. The acts of ownership exercised by Hyacynth St. Cyr during the life and minority of his son, and whilst his son lived with him, are entirely consistent with the title of the son, and the possession and ownership after the death of Leon in 1809 were also consistent with his own title. He had a life estate in the land. The deed to Brazeau in 1817 is totally inconsistent with the existence of a conveyance from Leon to Hyacynth previous to 1809, since the deed itself refers to no such conveyance, and the title conveyed is not pretended to have been derived in that way, but by the death of Leon without issue in 1809. As this deed to Brazeau was a conveyance under the statute of uses, which could only convey such title as the grantor had, it did not create a forfeiture of the life estate. (Cruise Dig. ——.) Consequently, until the death of Hyacynth St. Cyr in 1826, there was no possession adverse to the rights of the brothers and sisters of Leon St. Cyr, whose title never accrued until that time. If then coverture or infancy or other disability prevented the running of the statute of limitations, as the jury under the instructions have found, the plaintiff was entitled to recover.

Watson v. Bissell.

In our examination of the doctrine of presuming deeds we have not observed any case in which a court would permit a deed to be presumed where the ancient possession proved was entirely consistent with the title papers in evidence, and the adverse possession had not run long enough to bar it. (Waggoner v. Waggoner, 4 Mon. 547.)

The evidence offered by the defendants of declarations of Hyacynth St. Cyr, whilst in possession, intended to elevate his life estate into a fee simple, were properly rejected. (Belden v. Turner, 9 Mo. 797.)

The instructions on the subject of proving the ouster were also properly refused. (Peterson v. Laik, 24 Mo. 641.) The judgment is affirmed.