Hinters v. Hinters.

HINTERS et al., Appellants. v. HINTERS et al.

Division One, February 6, 1893.

1. **Tenants in Common:** PURCHASE OF OUTSTANDING TITLE: ENURE-MENT. Where a tenant in common buys in an outstanding title or incumbrance, the purchase will be deemed to have been made for the benefit of all the co-tenants, the other co-tenants being bound, however, to contribute their respective proportions of the consideration paid for the outstanding title or incumbrance.

2. **Limitation:** MINOR. Where a claimant of land is a minor when the statute of limitations begins to run, he has three years after reaching twenty-one within which to sue.

3. **Evidence:** ADMISSIONS: CO-TENANTS. Proof of admissions, made by a co-tenant since deceased, is competent for the purpose of disproving adverse possession on his part in his lifetime against his co-tenants.

*Appeal from Jackson Circuit Court.*—HON. R. H. FIELD, Judge.

REVERSED AND REMANDED.

*Crysler, Sherlock & Stearns* for appellants.

(1) The action was not barred as against any of the plaintiffs at the time the suit was brought. *Gray v. Yates,* 67 Mo. 601; *Jackson v. Johnston,* 5 Cowen, 74; *Wilson v. Betts,* 4 Denio, 208. (2) Julius Hinters made no claim of adverse possession either by act, word or deed; the co-tenants were as much in possession as he was. *Greer v. Tripp,* 56 Cal. 209; *Parker v. Locks,* 3 Met. 91. (3) The purchase by a co-tenant, whether made to defraud his co-tenants or for the purpose of asserting adverse possession, inures to the benefit of all, and there is no adverse possession. *Tisdale v. Tisdale,*

64 Am. Dec. 775; *Venable v. Beauchamp*, 28 Am. Dec. 75. (4) The declarations of Julius Hinters to Crysler to prove whether his possession was adverse under the statute of limitations were admissible. 101 Mo. 225.

*J. G. Paxton* for respondents.

(1) The act of Julius F. Hinters in placing on record the deed to this property January 9, 1879, was an overt and notorious act and set in motion the statute of limitations in his favor. Actual knowledge of act of tenant in common asserting claim to the entire property need not be brought home to his co-tenant, provided the act is in itself overt and notorious. *Warfield v. Lindell*, 30 Mo. 272; *Campbell v. Gas Co.*, 84 Mo. 352; *Lapeyre v. Paul*, 47 Mo. 586; *Peck v. Lockridge*, 97 Mo. 549. (2) The authorities are united in the proposition that co-tenants, when an outstanding title has been bought in by one of their number, must make their election within a reasonable time. As to what is a reasonable time, see Freeman on Co-tenancy, sec. 156; *Lee v. Fox*, 6 Dana, 177; *Brittain v. Harding*, 20 Ark. 403; *Buchanan v. King*, 22 Gratt. 414. (3) Equity views with disfavor suits brought after the death of one whose estate is sought to be charged, where the fraud alleged was known before such death and the suit might have been brought during the lifetime of the party; and where, without reason, the suit is delayed until after the death, such laches must be held fatal. *Lennox v. Harrison*, 88 Mo. 491. (4) In determining what is reasonable time in which to bring suit, courts of equity will by analogy follow the statute of limitations. Wood on Limitations, sec. 58, *et seq.* The statute of limitations applies to equitable as well as legal actions. *Kelly v. Hurt*, 61 Mo. 463. Equity will not aid a party who has been guilty of gross laches or unreasonable

delay in asserting his rights. *Landrum v. Bank*, 63 Mo. 48. (5) In *Hunter v. Hunter*, 50 Mo. 445, it is said that ten years applies to all actions for the enforcement of trusts growing out of land or their proceeds. This under the third clause of section 6774, Revised Statutes, 1889. Actions for relief not herein otherwise provided for. Under this section the statute commenced to run from the date of recording the deed from Smith to J. F. Hinters, January 9, 1879. *Thomas v. Mathews*, 51 Mo. 107; *Rogers v. Brown*, 61 Mo. 187; *Hughes v. Littrell*, 75 Mo. 573; *Zoll v. Carnahan*, 83 Mo. 354; *Bent v. Priest*, 86 Mo. 475; *Kline v. Vogel*, 90 Mo. 239–250.

BLACK, P. J.—This is a suit in equity by several co-tenants against another co-tenant for title.

Peter Hinters died in 1877, the owner of a lot in the city of Independence, on which he had a small house and in which he had for many years carried on the barber business and also the business of an insurance agent. The lot was incumbered by a deed of tsust to secure a debt of $400 then past due. He also owned another parcel of property called the home place in which he resided. He left surviving him seven children, all of whom were minors except Julius Hinters who was then about the age of twenty-one years. Julius carried on the barber shop and cared for the children as his father had done. The barbershop property was sold under the deed of trust and Mr. Smith, the holder of the note, became the purchaser on the seventh of January, 1879. On the next day Smith quitclaimed the lot to Julius who paid therefor the amount of the debt and costs of sale and perhaps some accrued interest. The property was then worth from $2,500 to $3,000; and the evidence shows that the sale was made at the request of Julius

to the end that he could acquire the title.   This quit-claim deed to Julius was recorded on the day of its date, that is to say, on the eighth of January, 1879.

After this sale the children continued to reside in the home place and Julius carried on the shop as before until 1883, at which time he married and the children then separated.   He thereafter collected rents' from the home place.   In 1884, he made a mortgage upon the barber-shop property to secure $2,200 borrowed of the county.   The money thus borrowed he used in building on this lot.   He died in 1887 leaving one infant child.

The plaintiffs are the six brothers and sisters of Julius, and the defendants are his child and the administrator of his estate.

1. Tenants in common occupy a confidential relation to each other, and because of this relation there is an implied obligation on the part of each to sustain and protect the common title.   It is, therefore, a general rule that if a tenant in common buy up an outstanding title or incumbrance, the purchase will be deemed to have been made for the benefit of all the co-tenants, the other co-tenants being bound, however, to contribute their respective proportions of the consideration paid for the outstanding title or incumbrance.   Freeman on Co-tenancy & Partnership [2 Ed.] secs. 151, 156; *Allen v. DeGroodt*, 105 Mo. 442.   In this case Julius Hinters, one of the co-tenants, caused the property to be sold under the deed of trust to the end that he could acquire the entire legal title at the amount of the incumbrance which was not more than a sixth part of the value of the property; and there can be no doubt but that he took and held that title in trust for himself and his co-tenants.   The plaintiffs have the undoubted right to call upon him and his

estate for an accounting and for title, unless barred by the statute of limitations.

2. This is in substance and effect an action for the recovery of lands, and it requires ten years adverse possession even as against an adult person to constitute a bar. There is no pretense that the statute of limitations began to run prior to the date of the deed from Smith to Julius, namely the eighth of January, 1879. This suit was commenced ten years and seven months after that date. Conceding that the statute of limitations began to run on the eighth of January, 1879, still most of the plaintiffs were minors at that time. Theresa was then fourteen, Maggie twelve and Tillie ten years of age. Being minors when the statute began to run, they had three years after they reached the age of twenty-one in which to sue. Revised Statutes, 1889, sec. 6767; *Gray v. Yates*, 67 Mo. 601. It follows that Maggie and Tillie are not barred, and it may be Theresa is not, this depending upon the exact date of her birth, which is not given in this record. The circuit court seems to have held that all the plaintiffs were barred except Tillie, and in so holding the court erred.

3. The circuit court also erred in excluding the testimony of Charles Crysler. The witness stated that he was an attorney, that he was not the attorney of Julius Hinters, but was the attorney for the plaintiffs, that as the attorney for the plaintiffs he had a conversation with Julius in his lifetime about the property. The plaintiffs then offered to show by this witness that Julius told him that he (Julius) would see that the plaintiffs got their share of the property as soon as he could sell it, but the court excluded the evidence on objections interposed by the defendants.

The evidence was no doubt offered to show that Julius did not claim the property to the exclusion of his brothers and sisters, and that his possession was,

therefore, not adverse but subordinate to their rights as co-tenants. The proposed evidence has a direct bearing upon an important issue in the case; for if the possession of Julius was not adverse, then the statute of limitations constitutes no defense as to any of the plaintiffs.

The testimony seems to have been excluded because of the death of Julius. The witness was not a party to any contract or cause of action at issue on and trial, nor was he a party to the suit. The statute excluding one party to the contract or cause of action on trial when the other party thereto is dead has no application whatever to this witness. It was certainly competent to show declarations and statements made by Julius to the effect that he did not claim the property as against his brothers and sisters, and this witness was perfectly competent to prove such declarations. It was held, it is true, in *Williams v. Edwards*, 94 Mo. 447, that one who contracts with an agent of a corporation is not a competent witness as to such contract after the death of the agent, but that is not this case by any means. There is no issue here as to any contract made between the deceased on the one hand and the witness as agent for the plaintiffs on the other hand. It is the declarations of the deceased that the plaintiffs desired to put in evidence, and this they could do by this witness as well as by any other person.

4. It may be well doubted whether the defendants made out a case of ten years adverse possession as to any of the plaintiffs; but, as the court excluded competent and very material evidence bearing upon this issue, we say no more as to this point at this time.

The judgment is reversed and the cause remanded for new trial. All concur.