HILDEGARD DIEL, Defendant in Error, v. AUGUST STEGNER, Plaintiff in Error.

Kansas City Court of Appeals, February 19, 1894.

1. **Evidence:** DECLARATIONS AS TO TITLE. The declarations of a party in possession of personal property against his title are admissible in evidence, while declarations by him on other occasions in support of his title are not admissible.

2. **Presumption:** STATE OF THINGS ONCE SHOWN: DEBT. A state of things once shown to exist is presumed to continue to exist until the presumption is overcome by countervailing or some stronger countervailing presumption of law; and a debt once shown to exist is presumed to remain unpaid until the contrary is shown.

3. **Instructions:** COVERING SAME GROUND: LIMITED ERROR. It is not error to refuse an instruction presenting the same theory as others given; and an appellant can not complain of the theory of an instruction when he has induced the court to adopt it.

4. **Evidence:** WITNESS: CROSS-EXAMINATION: DECLARATIONS. When a witness is called by a party to prove any fact, he is the witness of such for all purposes and may be cross-examined by the other on the whole case, and the fact that the witness on cross-examination testifies to inadmissible declarations of one of the parties cannot make such declarations admissible.

*Appeal from the Cooper Circuit Court.*—HON. D. W. SHACKLEFORD, Judge.

AFFIRMED.

*John Cosgrove* for plaintiff in error.

(1) The evidence, to warrant a recovery, should have been clear enough to raise a presumption at least that in some way or form Mrs. Stegner became possessed of property, money or some valuable thing belonging to the defendant in error, and that her statement was an acknowledgment of that fact,—this the court did not find. *Criddle's Administrator v. Criddle,* 21 Mo. 522. (2) Evidence of the character relied upon by the defendant in error is looked upon by the courts with great suspicion; it was so looked upon by the trial courts in this case. "A mere preponderance of the evidence will not do in such cases." 1 Greenleaf on Evidence [10 Ed.], sec. 200; *Kennedy v. Kennedy,* 57 Mo. 73; *Ringo v. Richardson et al.,* 53 Mo. 385, 394, 395; *Johnson et al. v. Quarles et al.,* 46 Mo. 426; *Carder v. Primm,* 47 Mo. App. 301; *Carney v. Carney,* 95 Mo. 353, 359. (3) The court committed error in excluding the evidence of Mrs. Hoflander elicited upon cross-examination by counsel of defendant in error. The right of the counsel to cross-examine defendant's witnesses is not denied, but when he asked, upon cross-examination, a question, a responsive answer to which operated against the issues of his case, he could not free himself from the effect of such testimony by

objecting to either the competency of the witness or the admissibility of the evidence. 1 Rice on Ev., p. 610, and cases cited. *Feurt v. Ambrose et al.*, 34 Mo. App. 360. (4) The burden of proving to the satisfaction of the trial court that the deceased was indebted to defendant in error was on her. The court did not find from the evidence that such indebtedness existed. This was, in effect, a finding for the plaintiff in error (defendant below), and the refusal of the court to declare the law as prayed in instruction number 2 by plaintiff in error was reversible error. R. S., 1889, sec. 8892; *McCord v. McCord et al.*, 77 Mo. 166.

*John R. Walker* for defendant in error.

(1) The admission of Margaret B. Stegner to the plaintiff and her husband, some two months before Mrs. Stegner's death, that she had $400 belonging to plaintiff, was competent evidence. *Criddle's Adm'r v. Criddle*, 21 Mo. 522; *Hart v. Hart's Adm'r*, 41 Mo. 441; *Wynn et al. v. Cory*, 48 Mo. 346; *Stewart v. Glenn*, 58 Mo. 481; *Hinters v. Hinters*, 114 Mo. 26; *Carder v. Primm*, 47 Mo. App. 301. (2) The admission of Margaret B. Stegner, being competent evidence, this was sufficient to authorize a verdict for plaintiff. *Criddle's Adm'r v. Criddle, supra; Carder v. Primm, supra; Graves v. Beard*, 1 Mo. 747. (3) Defendant's second instruction was properly refused. It was included in his first instruction. It is no error to refuse an instruction, which is a mere repetition of those already given. *McClure v. Ritchey*, 30 Mo. App. 445; *Implement Co. v. Leonard*, 40 Mo. App. 477; *Wetzell et al. v. Wagoner*, 41 App. 509. (4) The court acted properly in excluding the evidence of declarations by Mrs. Stegner, that she had money yet and intended giving it to plaintiff, to make her even with the others. This was a declaration

in her own favor and incompetent. *Criddle's Adm'r v. Criddle, supra; Blount v. Hamey,* 43 Mo. App. 644; *Stewart v. Glenn,* 58 Mo. 481; *Turner v. Belden,* 9 Mo. 797; *Joeckel v. Easton,* 11 Mo. 118; *Cavin v. Smith,* 21 Mo. 444; *Watson v. Bissell,* 27 Mo. 220; *Morey v. Staley,* 54 Mo. 419; *Hambright v. Brockman,* 59 Mo. 52.

SMITH, P. J.—In this, which is an action by plaintiff against defendant, who is administrator of the estate of Margaret Stegner, deceased, to recover $400 for money owing plaintiff by the deceased, the plaintiff had judgment, and the defendant has appealed.

At the trial plaintiff's witness, Storm, testified that about two months before the death of Mrs. Stegner a conversation was carried on between himself, the plaintiff and Diel, the latter's husband, about the $400. In the course of the conversation Mrs. Stegner told Diel that it was plaintiff's money. Diel wanted Mrs. Stegner to give that to him in writing, but she refused to do so, saying there was no use in doing that, as the money was there at her home, and come and get it. "It is your money, come and get it." The witness also heard some talk as to where the money come from, but did not understand anything further than he heard something about Grathwalth.

It appears from the inventory of Mrs. Stegner's estate that it consisted of a $300 note due her by Grathwalth and $100 in money. There was no other pertinent evidence offered which need be referred to here.

On cross-examination of Mrs. Hoflander, a witness for the defendant, she stated that on one occasion she heard Mrs. Stegner say that "she had money, yet, and she said the children got some, and she wanted her daughter, the plaintiff, to have that." This testimony was, by the court, excluded on the objection of the

plaintiff.

The rule has long been settled in this state to the effect that the declarations of a party in possession of personal property against his title are admissible. *Blount v. Hamey*, 43 Mo. App. 644; *Criddle's Adm'r v. Criddle*, 21 Mo. 522; *Hart v. Hart's Adm'r*, 41 Mo. 441; *Wynn v. Cory*, 48 Mo. 346; *Stewart v. Glenn*, 58 Mo. 481; *Hinters v. Hinters*, 114 Mo. 26; *Carder v. Primm*, 47 Mo. App. 301. But it is equally well settled that declarations by him on other occasions in support of his title are not admissible. *Criddle's Adm'r v. Criddle, supra; Blount v. Hamey, supra; Stewart v. Glenn, supra; Turner v. Belden*, 9 Mo. 797; *Joeckel v. Easton*, 11 Mo. 118; *Cavin v. Smith*, 21 Mo. 444; *Watson v. Bissell*, 27 Mo. 220; *Morey v. Staley*, 54 Mo. 419; *Hambright v. Brockman*, 59 Mo. 52.

The declarations of Mrs. Stegner proven by the testimony of the witness, Storm, were sufficient to establish the plaintiff's *prima facie* right to recover. The well recognized presumption is, that when a state of things is once shown to exist it is presumed to continue to exist until the presumption is overcome by countervailing proof or some stronger countervailing presumption of law. *Cargile v. Wood*, 63 Mo. 501. Under the operation of this presumption, when a debt once shown to have existed, it is presumed to remain unpaid until the contrary is shown. *Carder v. Primm, supra.* The testimony of Storm, though weak because depending upon the admissions of one who is dead, was, if believed, sufficient to shift the burden of proof and warrant the court in finding for the plaintiff. There was neither countervailing proof or presumption to rebut the plaintiff's *prima facie* case thus established.

No error is perceived in the action of the court in refusing the second declaration of law asked by defend-

ant, for the reason that its theory is not variant from that of his first, which was given. Both of these declarations proceeded upon the theory that there could be no recovery, unless Mrs. Stegner's declarations were construed to be admissions of an existing indebtedness to the plaintiff. It was upon this theory that the court found for the plaintiff. The theory thus adopted by the court is no ground for the reversal of the judgment, *first*, because it was correct upon the principles as indicated by the adjudged cases already cited; and, *second*, if it was not it must be so regarded in this case, since the defendant induced the court to adopt it by the declaration asked by him.

The testimony of Mrs. Hoflander, under the rule already referred to, was properly excluded. When called as a witness by defendant to prove any fact, she was his witness for all purposes, and it was permissible for the plaintiff to cross-examine her on the whole case. *Page v. Kankey*, 6 Mo. 433; *Brown v. Burrus*, 8 Mo. 26; *Railroad v. Silver*, 56 Mo. 265; *State v. Brady*, 78 Mo. 142; *Jones v. Roberts*, 37 Mo. App. 163; *Walter v. Hoeffner*, 51 Mo. App. 46.

The fact that it was in response to a question put to her by the cross-examiner, that she testified to declarations of Mrs. Stegner that were inadmissible, if such testimony had been given in response to a question of the defendant, whose witness she was, could not have the effect to render such declarations admissible, as is plain to be seen by the authoritative rulings in the cases to which we have just referred.

Under the evidence and the law, as we understand it, the court could not have found different from what it did.

It results that the judgment must be affirmed. All concur.