(27 Misc. Rep. 214.)

### McALLISTER v. SIMON et al.

(Supreme Court, Appellate Term. April 28, 1899.)

BAILMENT—LIABILITY OF STOREKEEPER—PROPERTY STOLEN FROM CUSTOMER.

> Defendant's customer, without his request or notice to him, placed her jacket over her purse on a table in a fitting room in his tailoring establishment, and then left the room until notified to return by his forewoman. In the meantime the purse was stolen. *Held*, that the customer's negligence precluded a recovery.

Appeal from municipal court, borough of Manhattan, First district.

Action by Louise D'Aubrey McAllister against Abraham Simon and another for a purse and contents lost in defendants' tailoring establishment. Judgment for plaintiff, and defendants appeal. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Joseph Steiner, for appellants.

Weeks, Battle & Marshall, for respondent.

LEVENTRITT, J. The defendants are the proprietors of a tailoring establishment, and occupy the entire building at the corner of Twenty-First street and Third avenue, in the city of New York. On the 25th day of November, 1898, the plaintiff called at the defendants' place of business to try on two waists which she had previously ordered. She went upstairs to a large room, where, with the customers who had preceded her, she awaited her turn to be fitted. Reciting the occurrences, the plaintiff claims that while seated on a sofa one of the defendants, observing a pocketbook in her hand, remarked that she was holding it very tightly. Shortly thereafter she arose, and in approaching the fitting room, which was separated from the waiting room by folding doors and curtains, she dropped her purse. Her attention being called to it by one of the three customers in the outer room, she picked it up, and entered the fitting room, holding it in her hand. Finding that the only furniture in the fitting room consisted of a looking glass, a table, and a chair, she asserts that she put the purse, containing $119, on the table, and placed her jacket upon it.

This was done without request from or notice to the defendants or any of their employés. The presence of a male fitter preventing her from trying on the waists, she returned to the waiting room, but left the purse and wrap behind her. As the tailor came out, she re-entered the fitting room upon the invitation of the forelady of the dressmaking department. She removed her skirt and waist, and was fitted. Thereafter, beginning to dress, she discovered that her pocket-book had disappeared, and exclaimed, "I left my purse here, and it has been taken." She admits that she searched for it in both rooms, and while so engaged expressed doubts whether she had not left it in the outer room. Reconciling those admissions with her previous positive statement that she had carried the purse into the inner room, she explains that this apparent inconsistency arose from an effort on her part to shield the forelady from suspicion. In the court below she was granted recovery for the amount contained in the pocket-book.

Were we to review the facts for the purpose of weighing the evidence, it would become necessary to consider the denials that the pocketbook was seen in the plaintiff's hand, and that she took it into the fitting room. But, in order to determine her rights and the defendants' obligations, it is unnecessary to question the accuracy of her statements. Her own version charges her with negligence. According to that, she took the purse into the inner room on the occasion of her first entrance, left it there unsolicited by, and unknown to, the defendants or their agents, and returned to the outer room, remaining there until recalled. There was no reason why she should not have taken it with her. Ordinary prudence would have dictated that course. From the fact that she clutched it tightly while seated on the sofa she showed that she appreciated the necessity of care, and dropping it just before entering the room cautioned her to exercise it anew. While it may have been necessary to lay the purse aside when she removed her waist and skirt, there was no occasion to leave it out of her sight and control during her absence from the fitting room. She should certainly have retained personal charge of it until prevented by the requirements of the fitting. Even as to the removed apparel the defendants could only be held liable if it came actually or constructively into their custody. There is no pretense of actual custody, and the constructive custody could exist only during the time devoted to the removal of her garments and the fitting. There is no proof tending to show during which period the purse disappeared,—whether during her presence in or absence from the fitting room. The law imposes on the defendants an acceptance of the custody of the plaintiff's property at the time she entered on the performance of the transaction that had brought her there; in other words, when she returned to the fitting room. Their liability could have attached only then, and continued until the completion of the business in hand. The plaintiff's prior disposition of the pocketbook was at her own risk. The origin of a storekeeper's liability rests in the implied invitation which he extends to the public to come and trade with him. He is answerable to all his customers for the consequences that may befall them from a violation of his duty to main-

tain his premises in a safe condition. It has been said that this duty arises from an implied contract that, if the customer would come to his store, no harm that could be reasonably averted should overtake him, and that the consideration for such promise would be the chance of profit from his patronage. Woodruff v. Painter, 150 Pa. St. 91, 24 Atl. 621. This duty continues as long as the customer is on the premises. Another and a different duty, continuing merely for a limited period of time, is that which a storekeeper owes to those patrons who, in effecting purchases, necessarily lay aside garments or articles which they necessarily or habitually wear or carry. Bunnell v. Stern, 122 N. Y. 539, 25 N. E. 910. Whatever garment or article the customer, under those circumstances, is obliged to lay aside for the purposes of the trading, is, in contemplation of law, given into the hands of the shopkeeper, and so remains until the transaction is completed. In the case at bar no article was necessarily laid aside until the plaintiff entered the fitting room for the second time, and even constructive custody on the part of the defendants could not have arisen until that time. Had she then placed the pocketbook on the table, the question would arise whether it was then necessarily laid aside, and consequently given into the charge of the defendants. Bunnell v. Stern, supra. The judgment must be reversed.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.