E. S. SUITS, Appellant v. ELECTRIC PARK AMUSEMENT COMPANY, a Corporation, Respondent.

In the Kansas City Court of Appeals, March 5, 1923.

1. **BAILOR AND BAILEE:** ''Depositum'' is Where Thing Bailed is Delivered by Bailor to Bailee to Keep for Use of the Former Without Any Recompense. In the classification of bailments "Depositum," is where the thing bailed is delivered by the bailor to the bailee to keep for the use of the former without any recompense.

2. ———: **Elements of Bailment: To Constitute a Transaction in Bailment There Must be Delivery and Acceptance of Property by Bailee.** The rule is elemental that in order to constitute a transaction in bailment, there must be a delivery to the bailee, either actual or constructive, which will entitle him to exclude for the period of the bailment the possession thereof, even of the owner, and since responsibilities of a bailee may not be thrust upon him without his consent, acceptance of the property by bailee is essential.

3. ———: **Oral Bailment is as Valid as a Written One and Entitled to Same Consideration.** An oral bailment is as valid as a written one, and is entitled to the same consideration.

4. **PARKS AND AMUSEMENTS: Theatres and Shows: Bailments: Evidence Held Not to Conclusively Show That Automobile Was Accepted by Defendant in Bailment** In an action against an amusement park, as bailee, to recover value of an automobile which plaintiff drove to entrance of amusement park, purchased admission tickets for six passengers, and was told that his car would be taken care of inside by defendant's agent, and on passing through the entrance was directed by a city policeman, stationed there by the city to direct traffic and whose overtime was paid by the defendant, where to park his car, and after parking car at place designated, locked the ignition device, placed key in his pocket and left the car with his companions, and upon his return found car had been stolen, evidence *held* not to conclusively show that police officer was an agent of defendant, or that the car was accepted by defendant in the bailment.

Appeal from the Circuit Court of Jackson County.— *Hon. Thos. B. Buckner,* Judge.

AFFIRMED.

*J. K. Cubbison, William G. Holt* and *Charles A. Blair* for appellant.

*Hagerman & Jost, Frank Hagerman* and *Henry L. Jost* for respondent.

ARNOLD, J.—This is an action to recover the value of an automobile which plaintiff alleges he delivered to defendant, and which defendant refused to return to him on demand.

Plaintiff was a resident of Brookfield, Missouri, and defendant is a corporation operating an amusement park in Kansas City, Missouri. The evidence shows that on, or about, the 11th day of July, 1919, at 9:00 p. m., plaintiff drove his automobile to the park of defendant; that he drove up to the entrance gate on Paseo Parkway and asked the ticket seller for tickets for six passengers and his car; that he paid the usual and customary admission fee for the six persons and was told that his car would be taken care of inside by defendant's agent; plaintiff thereupon drove his car inside the enclosure, where, in addition to the space occupied by the amusement concessions and adjacent thereto, there were some six or eight acres into which patrons arriving in automobiles were permitted to drive and park their cars. On passing through the entrance gate plaintiff was directed by a man in uniform where to park his car. Plaintiff parked his car at the place so designated and, after locking the ignition device and placing the key in his pocket, he proceeded with his companions. After visiting the amusement concessions, plaintiff and his friends returned, about 10:30 p. m., to the place where the car had been left, and found it was gone, whereupon plaintiff concluded that his car had been stolen, and in his testimony, he stated there was no doubt in his mind but that the car had been stolen. Later, he posted with the police department of Kansas City, Mo., a reward of $500 for the recovery of the car.

Plaintiff testified that on discovering the loss of his car he "went to the officers to get help," and that at his request the loss was reported to the police department of Kansas City by the officers of defendant. The evidence shows there was no extra charge made by defendant for the parking of cars within the enclosure and that no checks were issued therefor by defendant company; that the gate through which plaintiff entered the park is used exclusively as an entrance; that there is another gate on the north side of the park which is used only as an exit and that a watchman is maintained there solely

for the purpose of preventing persons from using said gate other than for a means of exit.

The petition charges the salient facts substantially as above set forth and in addition alleges, "that afterwards said defendant company refused, and ever since has refused and now refuses, to return and deliver said automobile to this plaintiff, although said plaintiff made a demand on the 11th day of July, 1919, on said defendant company for the return and delivery of said automobile; that by reason thereof, this plaintiff has been damaged in the sum of $1900, together with interest thereon from the 11th day of July, 1919."

The cause was tried to a jury and at the close of plaintiff's evidence, on the application of defendant, the court sustained a motion for a directed verdict in the nature of a demurrer to the evidence, and entered judgment accordingly. Failing to secure favorable action on a motion for new trial, plaintiff appeals and bases his hope for reversal on the ground that the court erred in directing a verdict for defendant.

In dismissing the demurrer to plaintiff's evidence the principal point to be considered is whether or not the relation of bailor and bailee existed between plaintiff and defendant at the time of the occurrence in question. Bailment is defined as "a delivery of goods in trust, upon a contract, expressed or implied, that the trust shall be executed and the goods restored by the bailee, as soon as the purpose of the bailment shall be answered." [2 Kent's Comm. 559.]

"A bailment may be defined as a delivery of personalty for some particular purpose, or on mere deposit, upon a contract, express or implied, that after the purpose has been fulfilled it shall be redelivered to the person who delivered it, or otherwise dealt with according to his directions, or kept until he reclaims it as the case may be." [5 Cyc. 161, 162.]

In the classification of bailments the only one with which we have to deal in the case at bar is the *depositum,* which is where the thing bailed is delivered by the bailor

to the bailee to keep for the use of the former without any recompense. The rule is elemental that in order to constitute a transaction in bailment, there must be a delivery to the bailee, either actual or constructive. [Sherman v. Commercial Printing Co., 29 Mo. App. 31.] It has been held that such a full delivery of the property must be made to the bailee as will entitle him to exclude for the period of the bailment the possession thereof, even of the owner. [Fletcher v. Ingram, 46 Wis. 191, 50 N. W. 424.] It is proper to state that since the duties and responsibilities of a bailee may not be thrust upon him without his consent, acceptance of the property by him is essential, thereby establishing the necessity of a contract. But an oral bailment is as valid as a written one, and is entitled to the same consideration. [McDermott v. Barnum et al., 16 Mo. 114; Blount v. Hamey, 43 Mo. App. 644.] With these principles in mind, it is necessary only to apply them to the facts in the case at bar.

Plaintiff's theory of the case is that the car was delivered to defendant's agent, and that a duty thereby devolved upon defendant to exercise some degree of care over it, while defendant maintains that it never had possession of the car and therefore was not a bailee and even if there was an implied contract of bailment, defendant was exonerated from responsibility thereunder when it appeared from plaintiff's evidence that the car was stolen and there was no evidence that the theft occurred by reason of defendant's negligence.

Plaintiff's testimony tends to show that defendant provided this parking place for the gratuitous use of patrons of the park and that such patrons merely were permitted to park their cars within the enclosure so provided for their convenience. Plaintiff testified that he asked for tickets for himself, his companion's and his car; that he was told by someone at the gate to drive inside and his car would be taken care of ''by their agent;'' that he drove inside and there met a man wearing a cap who directed him where to park his car; that he complied with the directions, leaving his car at the

place designated, then locked the ignition device, putting the key thereto in his pocket, and passed into another section of the enclosure where the concessions were in operation. The testimony further shows that the man in cap and uniform who directed his movements was a city policeman placed there by the city to direct the traffic and whose overtime, if any, was paid by defendant.

We cannot accept this testimony as conclusive that the said officer was an agent of defendant and that the car was accepted by defendant in bailment. Plaintiff further stated:

"When I got ready to leave I did not go to any of the park officers and ask permission to drive my car out; I didn't think it was necessary. It was my car. I was going to drive my car out of the park without asking anybody. There was nothing that interfered with my going to my car and getting it and driving it out whenever I pleased, as far as I know."

In the light of this evidence, one of the necessary elements of a contract of bailment is fatally absent, to-wit, such a delivery to the bailee as will entitle him to exclude for the period of the bailment the possession thereof, even of the owner. The rule is stated as follows in 6 Corp. Juris, 1103:

"Such a full delivery of the subject-matter must be made to the bailee as will entitle him to exclude for the time of the bailment the possession of the owner, as will make him liable as its sole custodian to the latter in the event of his neglect or fault in discharging his trust with respect to the subject-matter, and as to require a redelivery of it by him to the owner or other person entitled to receive it after the trusts of the bailment have been discharged." [Citing Burtig Bros. v. Normand, 101 Ark. 76, 141 S. W. 201; Atlantic, etc., R. Co. v. Baker, 118 Ga. 809, 45 S. E. 673; Fletcher v. Ingram, 46 Wis. 191, 50 N. W. 424; Wentworth v. Riggs, 143 N. Y. Supp. 955.]

In the note to Zetterstrom v. Thomas, 104 Atl. 237 (Conn.), it is said in 1 A. L. R., 392, 1. c. 395:

"On the question of fact whether or not there is a sufficient delivery in any given case, the general rule is that, in order to constitute such a delivery there must be a full transfer, either actual or constructive, of the property to the bailee, so as to exclude the possession of the owner and all other persons, and give to the bailee for the time being the sole custody and control thereof."

Plaintiff cites cases in support of his contention that the delivery was complete, to the effect that where a customer lays aside a garment in a place of business, in trying on a new garment, the dealer is responsible therefor as bailee. The distinction between that class of cases and the one at bar is obvious. In the former the bailor is obligated to lay aside his garment for the purpose of trading and, inferentially at least, is invited so to do by the bailee. These citations do not apply. This point was discussed in McAllister v. Simon, 57 N. Y. Supp. 733, 735, to which our attention is called by defendant, and it is there said: "Whatever garment or article the customer, under those circumstances, is obliged to lay aside for the purposes of trading, is, in contemplation of law, given into the hands of the shopkeeper and so remains until the transaction is completed."

This decision is directly in point here. [See, also, Coleman v. Lipscomb, 18 Mo. App. 443; Knapp v. Knapp, 118 Mo. App. 685, 96 S. W. 295.] Plaintiff stated that he knew he was free at any time to take possession of his car and drive it out of the enclosure without let or hindrance from defendant. Since we have found there was not such a delivery of the car in question as to constitute defendants a bailee, other points raised need not be discussed. We hold the action of the court in directing a verdict for defendant at the close of the evidence was not error.

The judgment is affirmed. All concur.