58 N.J. Super. 449 (1959)
156 A.2d 488
LEW McFARLAND, PLAINTIFF-RESPONDENT,
v.
C.A.R. CORPORATION, T/A BLACK HORSE FARMS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 7, 1959.
Decided December 14, 1959.
*450 Before Judges GOLDMANN, CONFORD and FREUND.
Mr. Raymond W. Uliase argued the cause for appellant (Messrs. Cahill and Wilinski, attorneys; Mr. Robert Wilinski, on the brief).
Mr. Frank M. Lario argued the cause for respondent.
The opinion of the court was delivered by GOLDMANN, S.J.A.D.
Plaintiff brought a county district court action to recover for loss sustained when his autoombile was damaged while in defendant's parking lot adjoining its restaurant and tavern establishment. He recovered a judgment in the amount of $250, the amount stipulated as the damages suffered. Defendant appeals.
*451 The statement of evidence and proceedings certified by the trial judge, who sat without a jury, provides the factual background. Defendant maintains a restaurant and tavern, with an adjoining parking area for the use of patrons. Plaintiff, accompanied by a friend, drove to the restaurant early one evening for the purpose of having dinner and making arrangements for a forthcoming banquet. There was an attendant in the parking area who directed plaintiff to park his car, at a particular location. He did so, locked the car, retained the keys, and went into the restaurant. When he returned to the parking area some two hours later he found that the car had been damaged, evidently by another automobile that had collided with it. The attendant was not on the lot. Plaintiff reported the damage to defendant's manager, who promised to make good the repair bill. Defendant not having paid the bill, plaintiff sued.
After plaintiff rested, defendant moved for dismissal on the grounds that plaintiff had failed to prove negligence and, further, the existence of a bailment so as to require defendant to go forward with the evidence and show lack of negligence. The motion was denied. Defendant rested without presenting any evidence and then renewed its motion. The motion was again denied.
The trial judge, in entering judgment for plaintiff, found there was a bailment because defendant, through its agent, had exercised control over the automobile by designating the place where it was to be parked. The court also referred to the custom of tipping parking attendants. The record is barren of any reference to tipping; in any event, this would be immaterial to a determination of this case.
The complaint alleged that plaintiff had "delivered and transferred possession" of his automobile to defendant "for a stated consideration and for the purpose of having [its] servant, agent or employee park" the vehicle in the parking lot; and that the damage to the car had been caused by defendant's negligence "in the driving and/or parking" of *452 the automobile. There is a complete lack of affirmative proof of negligence on defendant's part. The only basis upon which plaintiff could recover was by establishing a bailment. In such a case a presumption of negligence would be justified, requiring defendant to go forward with its proofs, and since none was offered, the presumption was not rebutted. Bachman Choc. Mfg. Co. v. Lehigh Warehouse & T. Co., 1 N.J. 239, 242 (1949); Rodgers v. Reid Oldsmobile, Inc., 58 N.J. Super. 375, 380 (App. Div. 1959).
The critical question, therefore, is whether there was actually a bailment in the circumstances. It is clear that no bailment was created, and that plaintiff had nothing more than a mere license or privilege to park on the premises by reason of his attending the restaurant for dinner and to arrange for the prospective banquet.
Essential to a bailment is that the property be turned over into the possession and control of the bailee. 8 C.J.S., Bailments, § 15(a), pp. 248-249 (1938); 24 Am. Jur., Garages, Parking Stations and Liveries, § 29, p. 493 (1939) and 1959 Supp., p. 62; Marsh v. American Locker Co., 7 N.J. Super. 81 (App. Div. 1950), affirmed o.b. 6 N.J. 81 (1950). This is not the case of a motor vehicle housed in a garage or a building, where the bailee, who has actual control over access to the structure, is held to have primary control over the vehicle. McBride v. De Cozen Motor Co., 5 N.J. Misc. 552, 137 A. 558 (Sup. Ct. 1927); N.J. Mfrs.' Ass'n Fire Ins. Co. v. Galowitz, 106 N.J.L. 493 (E. & A. 1930); Moore's Trucking Co. v. Gulf Tire & Supply Co., 18 N.J. Super. 467 (App. Div. 1952).
In the last-mentioned case the court, by way of dictum, referred to the parking lot cases "where it is generally considered that the relation of bailor and bailee arises if the car keys are left in the car at the attendant's direction and if the car owner is given a check which he must surrender when he returns for the car. But the relation is one of licensee and licensor, or lessee and lessor, if the car owner retains control, * * *." (18 N.J. Super., at page 470) *453 And in the Marsh case the court made passing reference to the article by Jones, "The Parking Lot Cases," in 27 Geo. L.J. 162, 178 (1938), containing an extensive review of pertinent cases to support the author's thesis that the issue of whether the delivery of a car to a parking lot amounts to a bailment on the one hand or a license or privilege on the other will turn on the amount of control exercised by the parking lot operator. And see 4 Williston, Contracts (rev. ed. 1936), § 1065A, p. 2960, and 1959 Supp.
The cases dealing with liability for loss of or damage to an automobile left in a parking lot are collected in 131 A.L.R. 1175 (1941). They are summarized in the 1959 Supplement to 24 Am. Jur., cited above, at pages 62, 63. A bailment is almost invariably held to exist and parking lot proprietors found liable for loss or damage to cars left on their parking lots where the lots, usually enclosed, are of the type where the attendant collects a fee and assumes control or authority over the car, sometimes taking it at the entrance and parking it, or moving it about to permit the entrance or exit of other cars on the lot; where the keys are left in the parked car or with the attendant (usually at his request), and where a claim ticket is customarily issued by the proprietor as a means of identifying the car for redelivery as well as a medium for printed stipulations limiting his liability. On the other hand, a parking lot proprietor is generally held not liable where the attendant collects a fee and merely designates the place where the car is to be parked, and the driver usually parks the car himself without actual delivery to or redelivery by the proprietor, the car being locked or not, as the driver wishes, and no ticket ordinarily being issued by the proprietor.
Here the attendant merely designated where plaintiff was to put his car, and left it to him whether it should be locked or not. No fee was demanded or paid, or claim ticket issued. Plaintiff actually locked the car and took the keys with him, thus evidencing an intention that he was not turning custody or control of the car over to the attendant. In short, *454 he was simply using the parking lot facilities furnished by defendant as a place to leave his car while he was having dinner. In the circumstances, the proofs do not meet the legal test of a bailment. Suits v. Electric Park Amusement Co., 213 Mo. App. 275, 249 S.W. 656 (Ct. App. 1923) and Panhandle South Plains Fair Ass'n v. Chappell, 142 S.W.2d 934 (Tex. Civ. App. 1940), are cases factually analogous to this one. There was nothing more here than a simple license.
Plaintiff argues that liability is justified because the parking of the car was an incident to the conceded business transaction in the restaurant. There can be no question that the parking arrangement was one for the mutual benefit of the parties, defendant having provided parking space for the convenience of his patrons in order to induce them to patronize his restaurant and tavern. While the trial court seems to have been impressed by the fact that the parking lot was offered as an inducement to the public to dine and drink at defendant's establishment, that fact would be relevant only upon finding that a bailment existed, i.e., in determining whether the bailment was a gratuitous one or a bailment for mutual benefit. Clearly, the benefit to defendant should not in itself determine the existence of a bailment, absent more concrete evidence than is present in this case of possession and control of the car having been turned over to defendant's agent by plaintiff.
Plaintiff suggests that liability may be imposed upon defendant as an innkeeper, if not as a bailee. Without any attempt at a discussion of the authorities  see 28 Am. Jur., Innkeepers, § 85, p. 602 (1940) and 1959 Supp.; 156 A.L.R. 233 (1945); 4 Williston, Contracts (rev. ed. 1936), § 1069, p. 2971, and 1959 Supp.  the clear fact is that defendant operates a restaurant, and not a hotel or inn. There is no proof that it offers overnight accommodations.
Reversed.