ELEANOR M. HOPE, RESPONDENT, v. NELLIE COSTELLO ET AL., APPELLANT.*

Kansas City Court of Appeals.   June 6, 1927.

188

*Corpus Juris-Cyc. References: Appeal and Error, 3CJ, section 984, p. 1023, n. 50; 4CJ, section 2708, p. 764, n. 76; Bailments, 6CJ, section 1, p. 1084, n. 5; section 19, p. 1102, n. 35; section 22, p. 1103, n. 45, 46, 47; section 167, p. 1163, n. 40.

*Albert R. Strother* for respondent.

*McCune, Caldwell & Downing* for appellant.

ARNOLD, J.—This is an action in damages based upon an alleged bailment by plaintiff to defendants of a certain three-piece fur set. The suit was instituted on March 5, 1924, against Anna Costello and Nellie Costello, doing business in Kansas City, Mo., as milliners, under the firm name and style of "Costello." Plaintiff has suggested that since the argument and submission of this case in this court, defendant Anna Costello has died. This review, therefore, proceeds as to the other defendant. [Neevel v. McDermand, 278 S. W. 818, 822.]

The facts of record are that, in the year 1917 said business of defendants was being conducted at 105 and 107 East Eleventh street in said city, and plaintiff, who then resided at the Hotel Muehlebach, in Kansas City, Missouri, had been a customer of defendants for some time. Defendants' testimony is that in September, 1917, defendant Nellie Costello, at the request of plaintiff, purchased on approval from a New York house the set of furs figuring in this controversy; that on September 14, 1917, plaintiff called at defendants' store and agreed to buy the furs at their exact cost to defendants, to-wit; $450; the furs consisted of a hat, stole and muff; that in the afternoon of said date the fur set, packed in a wooden box made especially for such articles was delivered to plaintiff at her hotel. On October 10, 1917, plaintiff, through her personal maid, returned the furs to defendants'

store, but defendants refused to accept them; that, thereupon the maid said she had another errand to perform and sought permission to leave the box containing the furs for a short while. The maid did not return and at about 1:30 P. M. of the same day, defendants again sent the box to plaintiff at her hotel. The next morning at about 10:30, plaintiff, by her chauffeur, again returned the box to defendants' store; the chauffeur walked into the store and without saying anything threw the box on the floor and departed; that thereupon defendants had their porter take the box back to the Muehlebach Hotel, but receipt was refused by the hotel employees under plaintiff's instructions; that the porter brought the box back to defendants' store; that thereupon defendants sought advice of their counsel who sent the following letter to plaintiff:

"Oct. 11, 1917.

"Mrs. George D. Hope,
"Muehlebach Hotel,
"Kansas City, Mo.
"Dear Madam:—

"Miss Costello has placed in our hands for collection a bill against you for $450 for a set of imported furs purchased by you on September 14th. We will be pleased to receive your check in payment of this bill. This set of furs which was returned to Miss Costello's store by your chauffeur is being held subject to your order. If you have any instructions to give us as to the disposition of it please advise us without delay.

"Yours respectfully,
"HLMcC:ER"

Plaintiff replied as follows:

"Kansas City, Mo.,
"Oct. 15, 1917.

"Messrs. McCune, Caldwell & Downing,
"Kansas City, Mo.
"Gentlemen:

"Responding to your request to advise you without delay regarding Miss Costello's claim of my liability for a single set of furs, which alleged liability she desires you to enforce, I beg to say that I do not owe the lady you name anything of the nature referred to, nor am I in any way liable to her. If she claims to hold anything whatever, subject to my order you may advise her, she is entirely mistaken as to being holder for me, and that for such reason I have no disposition to make of any such thing.

"Yours respectfully,
"Mrs. Geo. D. Hope."

Defendants moved the box from the salesroom where plaintiff's chauffeur had thrown it and placed the box containing the furs in their packing room where they kept all their extra goods. Defend-

ants sold their business on July 1, 1918, and defendant Nellie Costello personally carried the box containing the furs to her home at Liberty, Mo., and placed it in a large safe, or vault, at a lumber yard operated by her brother, and in January, 1919, she carried it back to Kansas City and placed it in the packing room at their new place of business at 1023 Grand avenue; that this was the room in which defendants stored their own merchandise. In June, 1922, defendants discovered that the fur set was so infested with moths that its value was practically destroyed; that Miss Nellie Costello burned the fur parts of the hat and muff, keeping the remainder which defendants delivered to plaintiff on demand in 1924.

Miss Nellie Costello testified that furs depreciate with age and are very susceptible to moths; that storage charges for such articles of such value as here involved are from $15 to $20 per year in Kansas City; that she had paid $450 for the furs and that she had no profit in the sale of same to plaintiff; that she did not place them in storage because she could not afford it and because the furs were the property of plaintiff.

The record further shows that plaintiff insisted that she had made no purchase of the furs, while defendants declared she had bought them. Suit was instituted by defendants herein in the court of a justice of the peace to recover the price of the furs, $450, and judgment was rendered for that amount. The case was appealed to the circuit court of Jackson county, where a plea in abatement was overruled. An appeal to the Supreme Court on the order overruling the plea in abatement was dismissed by that court. On April 8, 1922, judgment was rendered in favor of defendants herein in the circuit court. There was an appeal to the Supreme Court from said judgment, but said appeal was dismissed by that court.

On June 2, 1923, plaintiff filed a petition seeking to enjoin execution, said petition reciting:

"The facts being that complainant had never become the purchaser of the fur for which she was sued and had never received or accepted the same as purchaser but had repeatedly refused to accept and receive the articles sent to the hotel where she stopped; and had never paid nor agreed to pay or assume liability for the same in cash payment or otherwise as the terms used by said defendants, as plaintiff implied."

An order was entered by the circuit court sustaining a demurrer and dissolving the restraining order. From this order plaintiff appealed to the Supreme Court, but that court also dismissed the appeal. Thus, in a game of "shuttle-cock and battle door" the cause was bandied back and forth until January 16, 1924, when plaintiff herein paid the judgment and had same satisfied of record. During all this period of approximately seven years, the furs, or what remained of them, were in possession of the defendants.

It seems that up to the date of the payment, as above stated, plaintiff contended she had not purchased the furs; but about that time, or soon thereafter, she assumed the attitude that she had so purchased them, and had bailed them to defendants and that defendants were liable in damages for the negligent destruction thereof by moths and on this ground, based the present suit.

The petition is in part as follows:

"That on, to-wit: the 10th day of October, 1917, plaintiff delivered to said defendants at their place of business in said Kansas City one three-piece fur set consisting of hat, stole and muff, then new and in good condition and of the value of four hundred fifty ($450) dollars, theretofore sold and delivered by said defendants to plaintiff, and then and there the property of plaintiff to be kept by defendants for plaintiff until such time thereafter as the same should be demanded by plaintiff of said defendants; that defendants received said property from plaintiff and undertook and agreed to keep the same for plaintiff and to deliver the same to plaintiff upon demand therefor by plaintiff as aforesaid; that, thereafter, and on to-wit, the 16th day of January, 1924, plaintiff demanded said property of defendants but defendants then wholly failed and refused and still fail and refuse to deliver to plaintiff said hat and muff and each of them and the same have both been and now are wholly lost to plaintiff, and defendants then delivered to plaintiff said stole, but the same then was and now is in this condition, to-wit, that the fur part of said stole then was and now is wholly separated from the lining thereof and both said fur part and said lining then were and now are so damaged that same then were and now are wholly worthless; that by reason of the premises plaintiff has been damaged in the sum of four hundred fifty ($450) dollars."

The answer is a general denial. At the close of plaintiff's evidence in chief, and after the trial court had overruled a demurrer thereto, the court permitted defendants to file an amended answer to conform to the proof. The amended answer was a general denial and pleading the following facts:

"Further answering, these defendants state that on or about October 10, 1917, plaintiff, without the consent or agreement with defendants, left the furs in her petition described at the storeroom of defendants; and thereafter these defendants stored the said furs in their storeroom and in the same place or places in which said defendants from time to time stored their own merchandise, and in other reasonably safe places.

"That notwithstanding thereof, and without gross negligence on the part of the defendants and while exercising at least the degree of care which a most inattentive person gives his own property at all times, the said furs became damaged by moths and deteriorated in value by age and otherwise; and that by reason of the premises the

value thereof was lessened without negligence or fault on the part of these defendants. That upon demand for delivery by plaintiff, the said defendants delivered to the plaintiff the furs promptly in their then condition; and by reason thereof said defendants are not liable to plaintiff herein.''

The reply was a general denial and the cause went to trial to a jury. There was a verdict and judgment for plaintiff in the sum of $450. Timely motions for a new trial and in arrest were overruled and defendants have appealed.

It is urged the court erred (1) in refusing to give the peremptory instruction in the nature of a demurrer to the evidence at the close of plaintiff's case; and (2) at the close of all the evidence; and (3) in giving plaintiff's instruction No. 4 to the effect that a bailment existed, and in refusing defendants' instructions A and B, which sought to submit to the jury the question of the existence of a bailment. The determination of this appeal, therefore, depends upon the question of whether or not there was a bailment, under the facts of record, and whether or not the court erred in refusing to sustain the demurrer to the evidence, offered by the defendants. Under the well-established rule, in the consideration of the demurrer, the evidence of the plaintiff will be accepted as true.

We find, on examination of the record, that there is no material dispute as to the facts. The controversy seems to center around the application of the law to the facts.

Bailment has been variously defined, but the composite of such definitions may be stated as follows: A delivery of goods on a condition, expressed or implied, that they shall be restored by bailee to bailor, or in accordance with his directions, as soon as the purposes for which they are bailed shall be answered. [Story on Bailments, sec. 2; 4 Cyc. 161, 162.] Bailment is bottomed in contract, express or implied, excepting in case of constructive bailment, in which case it is not necessary that there be either an actual or constructive delivery. A constructive bailment arises where the person having possession of a chattel holds it under such circumstances that the law imposes upon him the obligation of delivering it to another. [6 C. J. 1103; Wentworth v. Riggs, 143 N. Y. S. 955.]

In the case at bar, the petition alleges plaintiff delivered the furs to defendants; that defendants received them and undertook and agreed to keep them for plaintiff and deliver them to plaintiff on demand. There is no allegation that defendants were to receive any recompense therefor. With the charge in the petition above indicated, it is clear plaintiff is precluded from claiming a constructive bailment; but rather, under the classification known as *depositum,* wherein the thing bailed is delivered by the bailor to be kept for the use of the former without recompense. The rule is elemental that in order to constitute a valid transaction in bailment, there must be a delivery

to the bailee, either actual or constructive. [Sherman v. Printing Co., 29 Mo. App. 31.]

It has also been held that such a full delivery of the property must be made to the bailee as will entitle him to exclude for the period of the bailment the possession thereof even to the owner.
[Suits v. Amusement Co., 213 Mo. App. 275, 279; Fletcher v. Ingram, 46 Wis. 191, 50 N. W. 424.] In the Suits case (1. c. 239), we held:

"It is proper to state that since the duties and responsibilities of a bailee may not be thrust upon him without his consent, acceptance of the property by him is essential, thereby establishing the necessity of a contract, but an oral bailment is as valid as a written one, and is entitled to the same consideration. [McDermott v. Barnum et al., 16 Mo. 114; Blount v. Hamey, 43 Mo. App. 644.]"

Keeping these principles in mind, it is only necessary to apply them to the facts here presented. Under the allegations of the petition, it was necessary for plaintiff to prove a contract of bailment expressed or implied. We do not understand that plaintiff is contending there was an express contract of bailment. This being true, she is placed under the necessity of proving an implied contract. Plaintiff attempts to meet this requirement by referring to the letter of defendant's counsel where it is stated: "This set of furs which was returned to Miss Costello's store by your chauffeur is being held subject to your orders." This statement, in view of the evidence that the furs, in fact, were thrust upon defendants, may not be accepted as an implied contract of bailment. Moreover plaintiff's letter in reply thereto negatives any claim of ownership in the furs. There could, therefore, be no implied contract of bailment. With these facts before us, we can but hold that the trial court erred in refusing defendants' instructions in the nature of a demurrer, both at the close of the plaintiff's case and again at the close of all the evidence.

We hold, therefore, the judgment should be reversed and it is so ordered. *Bland, J.*, concurs; *Trimble, P. J.*, absent.