**A. James MacARTHUR (Plaintiff), Appellant,**

v.

**Joseph R. GENDRON (Defendant), Respondent.**

**No. 29972.**

St. Louis Court of Appeals.

Missouri.

April 1, 1958.

Motion for Rehearing or for Transfer to Supreme Court Denied May 2, 1958.

George T. Williams, St. Louis, for appellant.

Fred B. Whalen, Warren Grauel, St. Louis, for respondent.

HOUSER, Commissioner.

This is a suit for damages arising out of a collision between the automobiles of plaintiff and defendant. The trial jury returned a verdict for defendant. Plaintiff has appealed.

The appeal comes to this court on an abbreviated transcript of the record consisting of copies of plaintiff's petition, defendant's answer, an agreement that evidence was introduced at the trial "tending to prove" the allegations of petition and answer, the instructions, the objection plaintiff's counsel made at the time Instruction No. 3 was offered and given, namely, that it "does not provide that in order for the defendant to receive a judgment the plaintiff's driver must be directly and solely the cause of the collision to the automobile of plaintiff, and that the case before this court is based on the bailment," the verdict in favor of defendant, motion and order overruling motion for new trial and notice of appeal.

The sole question on this appeal is whether the court erred in giving Instruction No. 3, offered by defendant, as follows:

"The Court instructs the jury that it is the law of Missouri that the driver of an automobile within an intersection intending to turn to the left shall yield the right of way to any vehicle approaching from the opposite direction, which is within the intersection or so close thereto as to constitute an immediate hazard.

"The Court therefore instructs the jury that if you find and believe from the evidence in this case that at the time of the collision mentioned in the evidence plaintiff's driver was operating plaintiff's automobile southwardly on Skinker Boulevard and defendant, Joseph R. Gendron, was operating his automobile northwardly on said Skinker Boulevard; and if you further find and believe plaintiff's driver commenced his left turn into Clemens Avenue by crossing the center line of said Skinker Boulevard when defendant, Joseph R. Gendron, was so close to said intersection as to constitute an immediate hazard, and plaintiff's driver thereby failed to yield the right of way to defendant, Joseph R. Gendron, if you so find; then the Court instructs the jury that plaintiff's driver was negligent in the operation of plaintiff's automobile, and if you further find that the negligence, if any, of plaintiff's driver directly caused the collision and damage to plaintiff's automobile, then and in that event the Court instructs you that plaintiff cannot recover from defendant and your verdict will be for the defendant, Joseph R. Gendron."

Plaintiff-appellant proposes error in the giving of No. 3 because

(1) it fails to negative defendant's negligence; fails to hypothesize a state of facts which would exonerate defendant from all fault, and hypothesizes facts under which the jury could find for defendant notwithstanding defendant might be guilty of negligence;

(2) it fails to require defendant to exercise any degree of care whatever to avoid the collision, regardless of whether plaintiff, in the exercise of the highest degree of care, could have yielded the right of way or whether defendant, by the exercise of due care, could have avoided the collision notwithstanding plaintiff's failure to yield the right of way;

(3) it fails to define the clause "yield the right of way;"

(4) it fails to inform the jury that the right of way is not an absolute right, but is qualified, and improperly imposes on

plaintiff an absolute duty (that of an insurer) to avoid injury to himself and others by yielding the right of way under any and all circumstances while making a left turn whereas the true standard of duty is merely to exercise the proper degree of care to avoid injury.

▮ Plaintiff-appellant in his brief refers to his driver as his "bailee" and claims that No. 3 is a *sole cause* instruction. If this was a bailor-bailee and not an agency relationship and if No. 3 was a sole cause instruction appellant's first two contentions would begin to take on substance. The case, however, was not tried on the theory of bailment. The petition does not allege that plaintiff's driver was a bailee. It alleges that plaintiff was a *passenger* in his own automobile, which is inconsistent with the theory of bailment, which contemplates delivery to the bailee, Hope v. Costello, 222 Mo.App. 187, 297 S.W. 100, and the right of exclusive possession of the property, even against the bailor. Suits v. Electric Park Amusement Co., 213 Mo.App. 275, 249 S.W. 656. Certainly plaintiff's driver's negligence would be imputed to plaintiff where plaintiff, the owner of the automobile, was personally present therein, if the two were engaged in a joint journey. Kieffer v. Bragdon, Mo.App., 278 S.W.2d 10, loc. cit. 16. Defendant's answer refers to the negligence of "plaintiff's *agent and servant*, Edwin Goodcoe" as the proximate cause of plaintiff's damages. Under the parties' agreement there must have been evidence that plaintiff was in the automobile as a passenger and that plaintiff's driver was plaintiff's *agent and servant*. Nothing in the transcript reveals any evidence that there was a bailor-bailee relationship. No instruction submits any facts upon the basis of which the jury could have found that plaintiff's driver was merely a bailee. The only indication that a bailment theory was in the mind of plaintiff's counsel is his objection to No. 3 set forth in the second paragraph of this opinion. That lone objection is not enough to show that plaintiff tried this case on the theory that plaintiff's driver was merely a bailee whose negligence could not be imputed to plaintiff. Nor was this case pleaded or submitted by defendant on the theory that the negligence of plaintiff's driver was the *sole cause* of the collision. The issues framed by the pleadings, the only evidence of which we have any information, and the instructions submitted by both parties indicate that plaintiff sought to recover from defendant upon the theory that defendant negligently damaged plaintiff's property, and that defendant sought to escape liability on the ground that defendant was not negligent and that it was the negligence of plaintiff's driver that caused the damage. Under the issues and evidence it is our opinion that No. 3 was intended to and did sufficiently submit the defense of the contributory negligence of plaintiff's driver. While No. 3 does not specifically admit that defendant was negligent or contain a "notwithstanding that you may find defendant negligent" clause, such an admission is not necessary to constitute a proper instruction on contributory negligence. See Peterson v. Metropolitan St. R. Co., 211 Mo. 498, 111 S.W. 37, in which Lamm, J., said, 211 Mo. loc. cit. 520, 111 S.W. loc. cit. 43: "Defendant's answer in this case denied its own and pleaded plaintiff's negligence. Now, plaintiff's negligence, in a case where (as here) defendant's negligence is charged and proved, is at bottom 'contributory negligence,' and nothing else. There is nothing in a name—the thing to be got at is the substance."

▮ It was not necessary that No. 3, an instruction on contributory negligence, negative negligence on the part of defendant or submit defendant's compliance with any duty or degree of care he may have owed plaintiff.

▮ Nor does the use of the term "directly caused," used in submitting the question of causation instead of the term "directly caused or contributed to cause,"

convert No. 3 into a sole cause instruction or detract from its character as a contributory negligence instruction.

■ We find no fault with the failure of the court to more particularly define the clause "yield the right of way." These are words of general usage and common understanding. They do not require further definition for the reason that they are terms that no layman would misunderstand. See Wirth v. St. Louis County Transit Co., Mo.App., 253 S.W.2d 547; Wines v. Goodyear Tire & Rubber Co., Mo. App., 246 S.W.2d 525; Matthews v. Mound City Cab Co., Mo.App., 205 S.W.2d 243.

■ More challenging is plaintiff's charge that No. 3 imposed upon plaintiff's driver an absolute and unqualified duty to yield the right of way under every conceivable circumstance, rather than a duty to yield the right of way in the exercise of the highest degree of care under the particular circumstances. The statutory rule in question is § 304.021(3) RSMo 1949, V.A.M.S. which provides:

> "3. The driver of a vehicle within an intersection intending to turn to the left shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard."

If plaintiff's criticism is valid No. 3 cannot stand because traffic regulations imposed by statute are not unyielding and inflexible. 60 C.J.S. Motor Vehicles § 271. They are not to be applied rigidly, absolutely and peremptorily without regard to the circumstances or conditions. Wines v. Goodyear Tire & Rubber Co., supra, and cases cited. The duties imposed by the statutory rules of the road may be qualified by the circumstances. Nelms v. Bright, Mo.Sup., 299 S.W.2d 483. Under the circumstances of a particular case there may be a valid excuse for failing to comply with a statutory rule of the road, as where non-observance of the statute is induced by considerations of safety, Lix v. Gastian,. Mo.App., 261 S.W.2d 497, or emergency conditions, Lewis v. Zagata, 350 Mo. 446,. 116 S.W.2d 541; Filkins v. Snavely, 359 Mo. 356, 221 S.W.2d 736, or where compliance is impossible, as in the case where knowledge, actual or constructive, of the immediate approach of an emergency vehicle comes too late to yield the right of way under an emergency statute. Politte v. Miller, Mo.App., 301 S.W.2d 839. Whether in a given case there are exceptional circumstances requiring that the statutory rule of the road yield to other considerations is a question of evidence.. What evidence is there in the instant appeal upon the basis of which we can make that determination? None. The evidence has not been preserved for review. On this record we are unable to determine whether No. 3 improperly omits reference to some exculpatory rule of law or some absolving hypothesis of facts which would. relieve plaintiff from the peremptory command of the statute to yield the right of way. In the absence of such a showing a failure to comply with the statutory rule of the road constitutes negligence per se.. Lix v. Gastian, supra. A close analysis of Instruction No. 3 does not lead to the conclusion that the submission of the defense of contributory negligence for statutory violation in the form employed constitutes. reversible error on the ground assigned. We are unable to read into No. 3 the imposition upon plaintiff of an absolute duty to yield the right of way to defendant under all circumstances. It does not amount to a universal interdiction. It does not unqualifiedly instruct the jury that if plaintiff's driver failed to yield the right of way to defendant the former is guilty of negligence. No. 3 carefully limits the duty to yield to a particular hypothesized situation, namely, the situation which existed when defendant's car, approaching the intersection, was so close that for plaintiff to then cross the center line would constitute an immediate hazard. Its prohibition is confined to limited and specified facts within the purview of the statute and.

defined in the terminology of the statute. In order for plaintiff's driver's conduct to be denominated negligent the jury is required to find facts which constitute negligence per se. No. 3 is not erroneous for the assigned reason, and this point must be disallowed.

Finding no error the Commissioner recommends that the judgment of the circuit court be affirmed.

PER CURIAM.

The foregoing opinion of HOUSER, C., is adopted as the opinion of the court.

The judgment of the circuit court is, accordingly, affirmed.

RUDDY, P. J., ANDERSON, J., and JOHN C. CASEY, Special Judge, concur.