Oliver John BOWMAN, Plaintiff-Respondent,

v.

William Joseph RYAN, Defendant-
Appellant.

No. 30566.

St. Louis Court of Appeals.

Missouri.

Feb. 21, 1961.

Thomas Wehrle, Walter Wehrle, Clayton, for appellant.

Joseph Langworthy, Pacific, for respondent.

BRADY, Commissioner.

This is an action to recover damages to and loss of use of an automobile, owned and driven by the respondent, involved in a collision with a truck driven by the appellant. The jury returned a verdict for the respondent in the amount of $1,150, judgment was entered accordingly, and the appellant filed his timely after trial motion and has perfected his appeal. The collision occurred on December 4, 1958, and the case was tried on December 30, 1959. We heard arguments on the merits during our November docket, and took respondent's motion to dismiss for failure to comply with the rules with the case. We have carefully considered that motion, and have determined that it should be overruled.

The collision in evidence took place about three miles east of Pacific, Missouri, on Highway 66, a three-lane highway running generally eastwardly and westwardly and being straight and flat at that place where a private driveway runs northwardly from the highway into the farm of one, Pleggemann. Each lane is ten feet wide. The collision occurred at about 7:30 P.M. on a cloudy overcast day with visibility of about 500 feet. The highway was not slick although a little damp. There is no point preserved for our action dealing with the amount of recovery or testimony as to the damages, and we will therefore delete that portion of the testimony from our summation of the facts.

The respondent's evidence was that he was going westwardly on the highway driving in the right-hand or outside lane of traffic, at a speed of about 60 to 65 miles per hour; that he had five passengers with him; that he first saw the appellant in the truck when it was in the center lane of traffic, while a trailer-truck was approaching on his far left; that when he got to within " * * * a couple of hundred feet of him, approximately * * *" the appellant made a left-hand turn, " * * * right in front of me * * *"; that when he saw the appellant make a left turn he applied his brakes and his automobile slowed down and slid a little, striking the truck; that the right side of his automobile, starting from the right front fender back through the doors struck the appellant's right rear which at that time was in the middle lane, the rest of the truck being in the right-hand lane; that immediately following the collision he had a discussion with the appellant and "He said he would fix up my car, pay my transportation back and forth to work." This answer was immediately objected to by the appellant on the grounds that "That is prejudicial and incompetent" and a mistrial was requested. The objection and motion were overruled. On cross-examination the respondent testified that there was no obstruction to block his view of this truck; that he saw it as he approached to where the truck turned left in front of him.

The state trooper who investigated the accident testified without objection as to the statement made by the appellant to him, at the scene of the accident, that "I was going down the road and was turning left and I had my blinkers on and was looking at the mirror at the traffic in the rear and when I looked up, there they were." He also testified that the debris was mostly in the right-hand lane and on the shoulder; that he saw no skid marks; that the respondent told him he was going about 65 miles per hour and the appellant made no statement as to speed; that he examined the vehicles at the scene and they seemed in good operating condition; that he got to the scene about ten minutes after the accident; that he found no debris in the center lane; and that where the debris was would not necessarily indicate the point of impact.

Seigler was riding in the front seat of respondent's automobile and testified that the appellant's truck turned to make a left-hand turn in front of respondent; that the respondent moved his automobile over to the center lane, applied the brakes and slowed down; that at the time of impact the back end of the truck was just barely in the center lane; that respondent slowed down from the speed he was going—65 mph—before the impact.

Busch was also riding in the front seat of respondent's automobile and testified that upon the appellant making the left-hand turn in front of them, respondent swerved to his left and applied the brakes; that the truck was in both the center and westbound lanes and that there was a trailer-truck in the eastbound lane; that appellant made no signal he saw.

Parr, also respondent's passenger, testified that appellant was in the center lane and started to make his left-hand turn when they were about 300 feet from him; that respondent was then going not over 60 mph and put on his brakes, slowing to between 55–60 mph at the time of impact; that respondent " * * * swayed to his left * * *"; that there was a trailer-truck in the left-hand lane.

Eddinger was in the rear seat behind the driver and upon feeling the brakes being applied looked up and saw the truck going across in front of them making a left-hand turn; that at this time they were about 100 feet from the truck and going about 55–60 mph; that at impact they were traveling at maybe 45 mph.

Benedict was the other passenger, and was seated on the right-hand rear and testified that appellant pulled out in front of them, whereupon respondent " * * *

pulled over, applied his brakes * * *"; he estimated speed at 60–65 mph and that while he could feel the brakes being applied and the car slowing down, he didn't know what speed they were traveling at impact; that at the time of impact respondent was in the middle lane.

Respondent then rested, and appellant's motion for a directed verdict was submitted, argued out of the jury's presence, and overruled. The appellant then offered certain portions of respondent's depositions as admissions against interest and read those portions. The appellant testified that on the occasion in evidence he was on his way to Pleggemann's farm; that "Well, I was going east and he was going west and I was going to make a left turn to go into Otto Pleggemann's and I had my directional lights working and I was in the center lane. I looked at my rear-view mirror and there was no one coming and I made the left turn. I didn't see anyone in front of me"; that he looked ahead and could see 400–500 feet, but saw no one; that at impact 3 or 4 feet of the back part of the truck was in the westbound lane, the rest being in Pleggemann's drive; that he was traveling 12–15 mph when he made that turn; that he didn't remember just what he did tell the trooper at the scene; that the only damage to his truck was to a stake which he replaced himself.

Appellant again offered a motion for a directed verdict which was overruled and the case was submitted to the jury which returned a verdict in the amount of $1,150 in favor of respondent.

The appellant states five points in his brief, but actually they amount to only three: first, that the trial court erred in overruling appellant's motions for a directed verdict because respondent failed to make a submissible case, was guilty of contributory negligence, and was not the real party in interest; second, that the trial court erred in overruling appellant's objection to the admission of allegedly prejudicial and incompetent testimony and also prejudicial-

ly erred in denying his request for a mistrial because of a statement of opposing counsel; third, that the trial court erred in giving Instruction No. 1.

■ Insofar as the appellant's contention that the trial court prejudicially erred in overruling its motion for a directed verdict because the respondent was not the real party in interest is concerned, that point must be disregarded. In his brief, under his consideration of this point the appellant states: "During the trial of the case, the deposition of plaintiff [Oliver John Bowman] was received in evidence by the Court as an admission against interest. (Tr. 103, 104)." This is not borne out by the record. Reference to the cited pages of the transcript discloses that the trial court did not admit the deposition but, since the appellant stated that "If Your Honor please, as admissions against interest, * * *" he offered the deposition, the trial court confined its ruling to the offer made and stated, after objection by respondent's counsel, "All right. For the purpose of showing admissions against interest, those portions, if they are such, may be read." None of the parts of the deposition dealing with the company's allegedly being the real party in interest, set out in the appellant's brief, was ever read nor was that point in the motion for new trial. Accordingly, the point is not before us. Section 512.160, subd. 1 RSMo 1949, V.A.M.S.; Blevins v. Thompson, Mo., 255 S.W.2d 787 [3].

■ We pass therefore to a consideration of appellant's remaining contentions with respect to the trial court's alleged error in failing to sustain his motion for a directed verdict. The appellant contends that there is only one assignment of negligence in the instruction submitted to the jury and that there was no evidence to support that instruction. He contends that assignment was

"* * * or that defendant Ryan failed to drive his truck in a careful and prudent manner and failed to ex-

ercise the highest degree of care in keeping a proper lookout in the direction in which he was operating the truck, that such failure to keep a proper lookout was negligence, and that such negligence resulted in the collision that occurred, * * * ".

Appellant contends there was no evidence to support this submission. In determining the question of the sufficiency of the evidence to warrant the giving of an instruction, we are to view the evidence in the light most favorable to the respondent who received a verdict in the trial court. Lyons v. Taylor, Mo.App., 333 S.W.2d 346; Missouri Digest, Appeal and Error, Respondent is entitled to the benefit of all reasonable inferences to be drawn from all the evidence so far as they do not conflict with his theory of the case, Missouri Digest, Appeal and Error, The respondent's evidence viewed as above stated was that appellant turned in front of the respondent when respondent's automobile was around 100 feet away from appellant and traveling at 55–60 mph. The appellant himself relies upon the fact that the highway was flat and straight, that there were no obstructions between these two automobiles nor any other reason for the view being obstructed. Other testimony on behalf of the respondent was that he did not have time to avoid the appellant although he immediately swerved and applied the brakes, that there was an automobile in the left-hand lane, appellant blocking the right-hand lane with the rear end of his automobile over into the middle lane. When we add to this testimony and the inferences the jury was entitled to draw therefrom, the testimony of the appellant himself that he could see ahead at least 400 feet, that he looked ahead of him and that the respondent's automobile was not in sight at the time he made his turn, and that given, without objection, by the trooper who investigated the accident that the appellant stated to him that he was looking at his mirror at the traffic in the rear " * * * and when I looked up, there they were * * * ";

the submission of failure to keep a proper lookout is amply supported. This subpoint is ruled against the appellant.

 Appellant sets forth thirteen subpoints, or reasons why he urges that contributory negligence is shown as a matter of law. Many of these have no foundation in the facts of this case. For example, appellant urges that contributory negligence is shown as a matter of law because respondent's " * * * foot was on the gas when cutting around the truck. (Tr. 35)." A reference to that page of the transcript shows that this statement comes from the deposition and that upon trial, this answer from the deposition being read, respondent stated: "I didn't mean that, though, I hit the brake before I hit the truck. I couldn't have had my foot on the gas." Throughout the respondent's testimony he consistently stated he was slowing down after he saw the appellant start his turn and had his foot on the brake. The testimony of the witness Eddinger was that he had slowed from 55–60 mph to 45 mph at impact. Even in other portions of his deposition immediately following that quoted by the appellant's counsel and also read into evidence but which the appellant left out of his brief, the respondent maintained the same position. In another example, the appellant stated that "Going at the rate of speed of 65 miles per hour, by applying his brakes, he could have slowed the speed of his car in 50 feet (Tr. 38)." A reference to that page discloses that such was the wording of a question as stated by appellant's counsel but no such answer was given by respondent or by anyone. Having no basis in the testimony, these reasons assigned by appellant for holding the respondent to be contributorily negligent as a matter of law cannot be considered.

 Whether or not the respondent was guilty of contributory negligence is a jury question unless, from all the evidence and the reasonable inferences therefrom, viewed in the light most favorable to respondent, the only reasonable conclusion is

that he was negligent and his negligence was a proximate cause of his damage. Adkins v. Boss, Mo., 290 S.W.2d 139. Of course, the respondent may not be aided by testimony that conflicts with his own or with his basic theory of the case. Carpenter v. Kessner, Mo.App., 330 S.W.2d 270, [2]. The respondent's theory was that he was traveling at a speed of 65 mph when he first saw the appellant make his turn and that he immediately put on his brakes, slowed down, and swerved to the center lane; that there was a truck approaching in his left-hand lane so that he could not get over any further in that direction, and that the appellant failed to keep a proper lookout and made his turn when respondent was within a couple of hundred feet of him and so close that he could not do anything. This theory is amply borne out by the evidence and while there are some differences in testimony on his behalf as to speeds and distances they are not such that conflict with respondent's theory as to why he was not guilty of contributory negligence. For example, respondent said he was going 65 mph, Eddinger put respondent's speed at 55–60 mph and Benedict put it at 60–65 mph. Respondent testified that he traveled some 200 feet after the impact, and Eddinger's testimony was that they traveled about 100 feet. In any event, we do not hold the parties to exactly correct estimates of speeds and distances and since there are several and different speeds and distances from which the jury could choose, the respondent is entitled to the best combination of them from his standpoint which can be inferred from the whole evidence, so long as that combination does not conflict with his basic theory of the case or judicial admission. Montgomery v. Petrus, Mo.App., 307 S.W.2d 24 at page 27. The only differences of consequence are those as to distance and speed as given by respondent in his deposition and as he or his passengers gave at the trial. Of course, the deposition was used to impeach his testimony at the trial and went to the credibility of his testimony with the triers of the facts. Respondent is not bound conclusively by that deposition. Leek v. Dillard, Mo.App., 304 S.W.2d 60, [2].

The appellant therefore is left with the following assigned reasons for urging the respondent to have been contributorily negligent as a matter of law: that at the time respondent first saw the appellant, the appellant was then in the center lane; and at that time respondent was approximately 200 feet east of the point of collision; that the road was straight, there being nothing to obstruct respondent's view, respondent seeing the truck at all times; that the truck was in motion when respondent struck it at a point 6 inches from the right rear end of the truck; and that respondent did not know where the front end of the truck was when he hit it. When these reasons are considered in the light of the facts of this case, it is readily apparent that they do not constitute conduct which all reasonable minds would agree was negligent. That is the test for contributory negligence as a matter of law as the appellant agrees. Hill v. Torrey, Mo.App., 320 S.W.2d 594, at page 595 [1]. This subpoint is ruled against the appellant. It follows that the trial court did not prejudicially err in refusing appellant's motion for directed verdict.

Appellant's second allegation of prejudicial error is that the trial court prejudicially erred in overruling his objection to certain allegedly prejudicial and incompetent testimony of respondent and also in denying his motion for a mistrial because of comments of counsel. What happened was that the respondent was asked if he discussed the matter with the appellant and what statements the appellant made to him at the scene, and answered that appellant stated, " * * * he would fix up my car, pay my transportation back and forth to work." This was immediately objected to, and in urging the court to overrule the objection the respondent's counsel urged that the statements should be admitted as " * * * a part of the res gestae, admission against interest, financial interest, he

promised to pay and, in fact, was admitting liability and admitting the accident was his fault." There was no objection made to this statement of counsel. The matter is therefore not before us. Section 510.210 RSMo 1949, V.A.M.S.; Harrison v. St. Louis Public Service Co., Mo.App., 251 S. W.2d 348. Neither do we consider the matter as sufficiently grave to require our action under Sup.Ct. Rule 3.27, V.A.M.S. (now Civil Rule 79.04, V.A.M.R.).

■ The appellant's counsel did not preserve in his motion for new trial or by brief before us any contention with regard to the trial court's action in overruling the motion to strike the answer of the respondent. Neither did he do so as to his request for a mistrial on the grounds that " * * * it appeals to the prejudice and passion of this jury * * *." Therefore he has abandoned any contention with regard thereto. Urie v. Thompson, 357 Mo. 738, 210 S.W.2d 98, reversed on other grounds 69 S.Ct. 1018, 337 U.S. 163, 93 L.Ed. 1282; Missouri Digest, Appeal and Error, ■

■ The appellant must be left to his contention that by overruling his objection to respondent's testimony as to appellant's statement at the scene that "He said he would fix up my car, pay my transportation back and forth to work", the trial court reversibly erred. When this testimony was given, the appellant's counsel objected on the grounds, "That is prejudicial and incompetent." Sup.Ct. Rule 3.23, V.A.M.S., was in force at the time of trial, and under its provisions if a specific objection was made at the trial, then a general statement in the motion for new trial was sufficient to preserve the matter for review. Section 510.210, supra. But this objection, made on the grounds of the testimony being " * * prejudicial and incompetent * * *" is a general objection, absent further specification of reason, and is insufficient to preserve anything for review. In addition, the objection was made after the answer had been given. Teters v. Kansas City Public Serv-

ice Company, Mo., 300 S.W.2d 511, at page 515 [2], [3]. The appellant's second assignment of error presents nothing for our review.

■ The appellant's remaining assignment of reversible error is based upon the trial court's action in giving Instruction No. 1, which reads:

"The Court instructs the jury that if you find and believe from the evidence that on December 4, 1958, plaintiff Oliver John Bowman owned an automobile that he was driving along and over Highway 66 when it was involved in a collision with a truck driven by defendant William Joseph Ryan; that as a direct and proximate result of such collision plaintiff's automobile was damaged; that at the time plaintiff was exercising the highest degree of care; that just prior to the collision defendant Ryan was operating his truck in the opposite direction on the highway; and that either defendant Ryan failed to drive his truck in a careful and prudent manner and failed to exercise the highest degree of care in that, intending to make a left turn into a private road or driveway, he failed to yield the right of way to plaintiff Bowman's automobile approaching from the opposite direction by turning to the left into its path when the making of such left turn would create a hazard, if you so find, or that defendant Ryan failed to drive his truck in a careful and prudent manner and failed to exercise the highest degree of care in keeping a proper lookout in the direction in which he was operating the truck, that such failure to keep a proper lookout was negligence, and that such negligence resulted in the collision that occurred, if you so find, then your verdict should be in favor of plaintiff Bowman and against defendant Ryan."

The appellant's contentions regarding this instruction are that it is a mere abstract statement of law; that it is confusing and

misleading, that it fails to require " * * a finding of fact necessary to support a finding by the jury that the collision was due to the negligence of the * * *" appellant; that it gave the jury a roving commission to speculate as to what constitutes a finding of negligence on the part of the appellant resulting in the collision; that because it " * * * fails to require a finding that Ryan (the appellant) was guilty of negligence in failing to yield the right of way *or* in failing to exercise the highest degree of care *or* in making a left turn *or* in turning to the left into the path of plaintiff's (respondent's) automobile * * *", (emphases supplied) the instruction fails to require a finding of all the facts necessary to sustain the verdict.

The appellant's statement of the submissions made by this instruction is not accurate. The disjunctive word "or" does not appear in the instruction in the places in which the appellant has put it and which we have italicized for emphasis. That word appears only once in the instruction, and even a cursory reading of the wording of the instruction would make clear, not the confusing situation the appellant urges, but rather that this instruction contains but two submissions of negligence stated in the disjunctive. The first is that submitted by the wording of the instruction, " * * * that either defendant Ryan failed to drive his truck in a careful and prudent manner and failed to exercise the highest degree of care in that, intending to make a left turn into a private road or driveway, he failed to yield the right of way to plaintiff Bowman's automobile approaching from the opposite direction by turning to the left into its path when the making of such left turn would create a hazard, if you so find, * * *." The second submission immediately follows, " * * * or that defendant Ryan failed to drive his truck in a careful and prudent manner and failed to exercise the highest degree of care in keeping a proper lookout in the direction in which he was operating the truck, * * *." These submissions are not abstract statements of law, as appellant contends.

The appellant makes no contention that the first disjunctively stated submission is not supported by the evidence, and accordingly we will not discuss that point. Urie v. Thompson, supra. As we have stated above, unless it is improperly read, as appellant has done by the insertion of "or" where none is found in the instruction, it is not confusing and misleading, and can be easily understood by the average men and women who compose our juries. That is the ultimate test. Lyons v. Taylor, Mo.App., 333 S.W.2d 346 [6]; see Missouri Digest, Trial, ▮

▮ Appellant further contends that the instruction as given constitutes error because it failed to require the jury to find the conduct stated in the first disjunctively stated submission to be negligence. We cannot agree that, under the facts of this case, such a finding of negligence must be specifically stated in this instruction. The wording of this submission is that of the statute, § 304.021, subd. 6 RSMo 1949 (Laws 1953, p. 587, § 1, V.A.M.S.), which reads:

"6. The driver of a vehicle intending to make a left turn into an alley, private road or driveway shall yield the right of way to any vehicle approaching from the opposite direction when the making of such left turn would create a traffic hazard. Laws 1953, p. 587, § 1 (304.020.)"

Of course, the traffic regulations imposed by statute are not unyielding and inflexible. Neither are they to be applied rigidly and absolutely without regard to the circumstances of the case, but rather they may be qualified by those circumstances. MacArthur v. Gendron, Mo.App., 312 S.W.2d 146, at page 150 [7–10].

▮ It is settled law that absent a showing of such qualifying circumstances, in an instruction which requires the jury to find facts which, if found to be true, could only mean that the appellant was guilty of negligence per se, it is not necessary for the instruction to also require the

jury to find that those facts constitute negligence because the law draws the conclusion in such cases. Roux v. Silver King Oil & Gas Co., Mo.App., 244 S.W.2d 411, [8–9]. That is to say, it is incumbent upon one charged with the violation of a statutory duty to prove legal justification or excuse, if he has any, for violation of the duty, and that absent such a showing, violation of the duty is negligence per se. Leek v. Dillard, supra, Mo.App., 304 S.W.2d 60 [6–9]. So it is in the instant case. There is no evidence, taken in the light we must view it, from which we can say the jury would be authorized to find an excuse for appellant's not obeying the provisions of § 304.021, supra, nor does any reason appear from which the jury would be justified in finding the duties imposed by that statute upon the appellant were in any way modified by the factual situation surrounding this accident. Under such circumstances, a failure to comply with the statutory rule of the road constitutes negligence per se. MacArthur v. Gendron, supra; Leek v. Dillard, supra; Roux v. Silver King Oil & Gas Co., supra. Moreover, the submission in the form it was given would properly negative any legal excuse or avoidance of violation of the statute which appellant's evidence might, in the proper case, but did not, in this case, support. Wilson v. Shumate, Mo., 296 S.W.2d 72. Under such a situation it is not necessary to require the jury to specifically find that the conduct of appellant amounted to negligence. Benzel v. Anishanzlin, Mo.App., 297 S.W. 180, at page 182; Swain v. Anders, 349 Mo. 963, 163 S.W.2d 1045 [15]; Leek v. Dillard, supra; Roux v. Silver King Oil & Gas Co., supra. The submission on failure to keep a lookout clearly requires the jury to also find that such failure was negligence.

Neither can we agree with appellant that this instruction allows the jury to speculate as to what constitutes a finding of negligence on his part that resulted in the collision. While somewhat inartfully drawn in view of how it is placed in the instructions, the hypothesization " * * * and that such negligence resulted in the collision that occurred, if you so find * * *" would be interpreted by the ordinary men and women comprising our juries to refer to both submissions of negligence. The appellant's contention that the giving of Instruction No. 1 constitutes reversible error cannot be sustained.

It follows that the judgment should be affirmed, and the Commissioner so recommends.

PER CURIAM.

The foregoing opinion of BRADY, C., is adopted as the opinion of the court.

The judgment is therefore affirmed.

ANDERSON, P. J., and WOLFE, J., concur.

RUDDY, J., not participating.