KIRKWOOD MEDICAL SUPPLY COMPA-
NY, Plaintiff-Appellant-Respondent,

v.

ANN PATTERSON ENTERPRISES, INC.,
et al., and Equity Investors, Inc., De-
fendants-Appellants-Respondents.

Nos. 35378, 35379.

Missouri Court of Appeals,
St. Louis District,
Division 1.

June 18, 1974.

Rabushka & Glaser, Gerald K. Rabush-
ka, Louis Glaser, Clayton, for plaintiff-ap-
pellant-respondent.

Tremayne, Lay, Carr, Bauer & Paule,
Donald W. Paule, Clayton, for defend-
ants-appellants-respondents.

PER CURIAM.

This cause involves cross-appeals by Plaintiff-Kirkwood Medical Supply Co., and Defendants Ann Patterson Enterprises, Inc., Victor E. Katt and Equity Investors, Inc. which succeeded to Ann Patterson, Inc., from a judgment of the circuit court of St. Louis County entered upon a jury verdict finding the issues for defendants on plaintiff's claim and for the plaintiff upon the defendants' counterclaim.

The claim and counterclaim arose out of a contract entered into on February 25, 1969 between Kirkwood and Ann Patterson and Victor E. Katt, whereby Kirkwood was to sell certain furniture and equipment for $50,000 for the Ann Patterson Nursing Home to be opened in Perryville, Missouri. Kirkwood alleged that the defendants breached the contract because the defendants "were unable to pay more than $5,000.00 toward their purchase of the furniture and equipment called for in their . . . agreement." Kirkwood alleged that as a result of the defendants' breach, Kirkwood suffered loss of profits. The defendants counterclaimed alleging that Kirkwood had breached its contract in failing to provide the defendants with detailed information concerning specific items of furniture and equipment to be supplied under the terms of the contract until the entire purchase price had been deposited in cash into an escrow account or paid in cash. The defendants therefore alleged they had to purchase the furniture through another supplier, and as a result defendants had to delay the opening of the nursing home so that they too suffered damages.

The cause was heard by court and jury in February, 1973. The jury rendered a verdict: "We . . . find the issues in favor of the defendants upon plaintiff's claim and for the plaintiff upon the defendant corporations' counterclaim." Both Kirkwood and defendants appeal.

Appellant-Kirkwood complains on appeal that the trial court erred (1) in permitting defendants to introduce evidence which it contends varied the terms of the written contract (a) by adding a duty on the part of Kirkwood to provide the defendants with a detailed list of the types and kinds of furniture mentioned in the contract and (b) changing the nature of the contract from one of a cash sale to a leased or financed one, thus violating the parol evidence rule and (2) in permitting defendants to introduce a letter from the defendants' attorney to Kirkwood's attorney which was allegedly self-serving and prejudicial. The defendants in response urge that the trial court did not err in allowing the testimony relating to the duty of providing a detailed list of the furniture and supplies and the type of financial arrangement because the writing was ambiguous and incomplete and the court did not err in admitting the letter because there was no objection and because of the rule of curative admissibility.

Defendants appeal the judgment denying them recovery on their counterclaim and urge that the trial court erred· (1) in admitting a letter from plaintiff's counsel to Victor E. Katt, President of Equity Investors, Inc. (successor to Ann Patterson Enterprises) because it contained opinions of plaintiff's counsel, (2) in giving a verdict directing instruction for the plaintiff-Kirkwood because it is allegedly in violation of the principles of Rule 70.01, V.A.M.R., and (3) in giving an instruction which authorized the jury to find that neither party could recover against the other.

We have not been favored with a brief from plaintiff-Kirkwood responding to the defendants' points and authorities. We assume plaintiff would contravene the points.

We have read the entire transcript and the authorities relied upon by the parties and are convinced there is no prejudicial error, that no error of law appears, that a lengthy opinion would have no precedential value and hence affirm the judgment. Rule 84.16.

■ As to appellant-Kirkwood's points we hold: (1) The court did not err in ad-

mitting evidence relating to a detailed list of furniture and equipment to be furnished by Kirkwood or evidence relating to the nature of the contract.

The parol evidence rule was not violated because we believe the contract was incomplete or ambiguous, Fisher v. Miceli, 291 S.W.2d 845, 848 (Mo.1956), and because part of the agreement was not reduced to writing. 9 Wigmore, Evidence, § 2430, p. 97 (1940).

■ The court did not err (2) in admitting the responsive letter from defendants' attorney to counsel for Kirkwood because in plaintiff's case it offered and introduced an original letter from plaintiff's counsel to Katt, relating to the contract and then read from Katt's deposition as to whether he had responded to the letter from plaintiff's counsel. The responsive letter introduced by defendants was admissible to show such response and even though the first letter may have been improperly admitted, the responsive letter was admissible under the doctrine of "curative admissibility." See Evidence—Curative Admissibility in Missouri, 32 Mo.L.Rev. 505 (1967).

■ As to defendants' points we hold: (1) No prejudicial error resulted from the admission of the letter from Kirkwood's counsel to Victor E. Katt. A general objection was made to the letter without specifying the reasons why the letter should not be admitted. On appeal defendants contend the letter is not admissible because it was hearsay. No such objection was made at trial and cannot be considered on appeal. Corley v. Andrews, 349 S.W.2d 395, 402 (Mo.App.1961); (2) The court did not err in giving plaintiff's verdict director. There was no applicable MAI; the claim, counterclaim and evidence were lengthy, complex and often confusing. The instruction so far as possible did not, in our opinion, violate the guides set forth in Rule 70.01(e). While perhaps not a model, it substantially set out the ultimate facts as required by Rule 70.01. The ultimate test is whether the instruction followed the substantive law and whether it

could be understood. Epps v. Ragsdale, 429 S.W.2d 798, 802 (Mo.App.1968); Bowman v. Ryan, 343 S.W.2d 613, 621 (Mo. App.1961); (3) The court did not err in giving Instruction No. 8 which instructed the jury that it could find that neither party could recover against the other. The court gave Instruction No. 3—a verdict director for the plaintiff-Kirkwood—and Instruction No. 5—a verdict director for the defendant, and concluded in Instruction No. 8 that if the jury agreed that "neither party should recover from the other, your verdict may be" that the defendants recover on the plaintiff's claim and that the plaintiff recover on the counterclaim.

■ Under the circumstances of this case, we do not believe that there was in legal contemplation anticipatory repudiation of the agreement by Ann Patterson. There was no "positive intention not to perform the contract," Ewing v. Miller, 335 S.W.2d 154, 158 (Mo.1960), and with the intervention of Katt's financiers, the jury could have found that there was an assurance of performance. Cf. § 400.2–609, R.S.Mo.

Furthermore, the jury could have reasonably concluded that neither party suffered damages as they were required to find under the instructions. As to Kirkwood the equipment was finally purchased by others and wound up at the Ann Patterson Nursing Home. Kirkwood's evidence as to damages consisted of a conclusion that it had suffered $15,000 damages without detailing any facts. There was no indication as to how much the furniture was sold for to the third parties. As to defendants' contention, according to defendants' evidence, the Home was ready for opening in May, 1970; they obtained financing in May, 1970 and the same furniture and equipment were delivered September 1, 1970. During August, 1970, the Home had only two patients and was not completely filled until February, 1971.

Under such circumstances the jury could have reasonably believed that neither party should be able to recover from the other.

The court therefore did not err in giving Instruction No. 8 which authorized the jury that if "all of you agree that neither party should recover from the other" then it was authorized to find the issues in favor of the defendants on the plaintiff's claim and in favor of the plaintiff on the defendants' counterclaim.

Finding no prejudicial error, the judgment is affirmed.

All the Judges concur.