**NATIONAL SUPER MARKETS, INC., et al., Respondents,**

v.

**Ralph SHOWER, Appellant.**

**No. 42155.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 3, 1981.

William R. Dorsey, Clayton, for appellant.

Kim Roger Luther, Paul H. Chavaux, St. Louis, for respondents.

REINHARD, Judge.

In this replevin action, defendant Ralph Shower, appeals from a judgment entered in accordance with a jury's verdict awarding the plaintiffs, National Super Markets, Inc. and Kroger Company, certain shopping carts which they had replevied.

In plaintiffs' petition filed August 10, 1978, they allege they are owners of approximately 1,000 shopping carts which are located in defendant's warehouse on Olive Street in the City of St. Louis. Further,

they allege that these shopping carts "were unlawfully and improperly taken from various store lots of plaintiffs throughout the City and County of St. Louis, Missouri, and subsequently acquired by defendant under circumstances unknown to plaintiffs." On August 11, 1978, the Sheriff of the City of St. Louis replevied from defendant 269 carts and turned over to National Super Markets, Inc. and Kroger Company, 167 carts and 102 carts, respectively. Plaintiffs filed a replevin bond in the amount of $60,-000.

Initially we note that defendant does not challenge the sufficiency of the evidence. Indeed, plaintiffs made a submissible case.

■ On appeal, defendant raises two points. In his first point, defendant challenges the giving of the verdict directors, Instruction numbers 3 and 4, claiming their submission was error because they "allowed the jury to find for the plaintiffs if defendant was in possession of grocery carts claimed by plaintiffs and plaintiffs had the right to immediate and exclusive possession of the grocery carts without requiring the jury to find that plaintiffs were the owners of the carts as alleged in their petition." Initially, we note that defendant has failed to properly preserve this point for review. In his motion for new trial, defendant's claim of error in the giving of the two instructions was: "[T]hese instructions contain a misstatement of law in that it requires the jury to find that at some point in time that plaintiffs purchased the grocery carts." Clearly, these two claims of error differ.[1] Therefore, on appeal, defendant raises for the first time, a claim of error. This he cannot do.

■ Even if defendant had properly preserved this point, we would rule it against him. Plaintiffs pleaded and presented evidence of ownership. They presented no other theory to support their claim of right to possession. "[T]he gist of an action of replevin is the right of possession, and the ownership of the property is only incidental

as it may show or tend to show the right of possession." *Young v. Griesbauer*, 183 S.W.2d 917, 919 (Mo.App.1944).

■ Where, as here, there was no appropriate MAI instruction, the verdict directing instruction must follow the substantive law and be understandable. *Kirkwood Medical Supply Co. v. Ann Patterson Enterprises, Inc.*, 511 S.W.2d 433, 435 (Mo.App. 1974). Since "proof of title to or ownership of property is not an inherent element of an action in replevin," *Fawley v. Bailey*, 512 S.W.2d 477, 479 (Mo.App.1974), we hold that the verdict directing instructions followed the substantive law of replevin and were easily understood. A finding of "ownership," being only incidental to the right of possession, need not have been included in the instructions. See *Young v. Griesbauer*, 183 S.W.2d 917 (Mo.App.1944), wherein a suit in replevin was tried on the issue of ownership and the instructions required a finding that defendant was entitled to *possession* not ownership.

■ In defendant's second point, he alleges the trial court erred "in failing to sustain defendant's objection to allowing plaintiffs to call defendant as their first witness prior to plaintiffs' proving their superior right to possession of the replevin property . . . ."

As with his first point, defendant has failed to properly preserve this point for review. Although defendant alleges that the trial court improperly ruled upon his objection, the record reveals that although defendant initially objected, he withdrew that objection before the court could rule.

■ Regardless of the absence of this objection, no error has occurred. The law in Missouri is clear that the order of the introduction of evidence at trial is within the sound discretion of the trial court. *Meyers v. Drake*, 324 Mo. 612, 24 S.W.2d 116, 121 (1929). A trial judge should not unduly interfere with the presentation of a

---

1. Defendant's motion for new trial does make a reference to proving ownership: "Plaintiffs' pleadings allege ownership and no evidence

was submitted as to ownership." However, as we noted earlier, on appeal, defendant does not raise sufficiency of the evidence as an issue.

party's case and counsel should be free to organize and pursue a course which he believes will best develop all testimony and evidence within the bounds of the rules governing evidence and trial. 98 C.J.S. Witnesses § 317 (1957). Additionally, "[a] party who is called as a witness by his adversary stands on the same footing as any other witness . . . ." 98 C.J.S. Witnesses § 324 (1957).

Finding as we do that defendant has failed to preserve both of his points for review, and even if he had properly preserved them they are without merit, we must affirm.

Judgment affirmed.

CRIST, P. J., and SNYDER, J., concur.