Ethel SPEARMAN, Appellant,

v.

Donald P. NIES, Respondent.

No. 48990.

Supreme Court of Missouri,

Division No. 1.

July 16, 1962.

McCormick V. Wilson, Jefferson City, Hocker, Goodwin & MacGreevy, Hugh E. Gibbons, Donald J. Stohr, St. Louis, for plaintiff-appellant.

James & Hasler, St. Louis, for defendant-respondent.

COIL, Commissioner.

Ethel Spearman, plaintiff below, claimed $25,000 as damages for injuries she allegedly sustained as a result of a collision between her automobile and one being operated by Donald Nies. Plaintiff has appealed from a judgment for defendant entered on a jury's verdict and here contends the trial court erred in giving contributory negligence instruction 6.

Shortly after noon on June 22, 1957, plaintiff was driving her automobile eastwardly on Highway 42 intending to turn north on a graveled road, sometimes herein referred to as the "school road." There was another eastbound automobile following plaintiff's car. Defendant was driving an automobile westwardly on 42 and collided with plaintiff's automobile as plaintiff was in the process of executing a left turn.

The essential facts necessary to a disposition of the question presented are in the main undisputed. State Highway 42 was black topped and about 18 feet wide. The center of the school road which ran north from 42 was "approximately at the crest of" a hill. From the crest one can see the road eastwardly for 100 to 150 feet (plaintiff testified 100 to 150 feet and defendant testified 140 feet) where a dip then obscures the road from one's vision for a short distance.

Plaintiff testified that as she approached the intersection she began her left turn at a speed of about twenty miles per hour when her automobile was a few feet west of the school road; that as she "was just getting over the center line," she saw defendant's car 100 to 150 feet away, traveling at a speed which she estimated to have been 70 to 80 miles per hour; that she thereupon attempted to get out of the way by applying more gas in an effort to complete the turn. She had reached a place where her front wheels were two or three feet beyond the north edge of the road when the collision occurred.

Defendant testified that he approached the collision point at about 50 miles per hour; that as he came out of the dip he saw plaintiff's automobile 140 feet away just beginning its left turn at a slow speed (it had traveled two or three feet into the west lane). He applied his brakes and sounded his horn but could not stop in the available distance, and the front right side of his automobile struck the right side of the grillwork and headlights of plaintiff's car when most of it was west of the west edge of the school road. The rear side of defendant's car then collided with the side of the automobile which had been following plaintiff's car eastwardly.

Plaintiff submitted her case on defendant's allegedly excessive speed.

Defendant's instruction 3 was:

"The Court instructs the jury that under the law of Missouri the driver of a vehicle within an intersection intending to turn to the left is required to yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard.

"Therefore, the Court instructs the jury that if you find and believe from the evidence that on the occasion mentioned in the evidence plaintiff, Ethel Spearman, was driving her automobile eastwardly on Highway 42 and intending to turn left into the country road mentioned in the evidence, and that at said time and place defendant, Donald P. Nies, was operating his automobile in a westwardly direction on Highway 42 and approaching the intersection of said country road and Highway 42, and if you further find and believe that plaintiff turned to the left and drove her car across the center line of Highway 42 when the automobile of defendant was so close to the aforesaid intersection as to constitute an immediate hazard, if you so find, and that by so doing plaintiff failed to yield the right of way to defendant's automobile and in so doing failed to exercise the highest degree of care and was negligent, and that such negligence, if any, contributed to cause the collision in question, then the plaintiff, Ethel Spearman, is not entitled to recover against the defendant, and your verdict will be in favor of defendant Donald P. Nies."

Plaintiff contends the foregoing instruction is erroneous because, says plaintiff, it is a positive misdirection in that (1) it imposed "an absolute and unqualified duty to yield the right of way under every conceivable circumstance and [directed] that

failure to do so was negligence per se"; (2) it "excluded from consideration evidence of lack of knowledge, actual or constructive, of the approach, proximity or discoverability of defendant's automobile," and failed to hypothesize plaintiff's actual or constructive knowledge of the approach of defendant's car; and (3) it failed to define, or set forth a standard for the jury to determine what constituted, an "immediate hazard" under the facts in evidence.

■ Plaintiff's supporting arguments, as particularly demonstrated by most of her cited cases, proceed upon the fallacious premise that instruction 3 authorized a finding that the plaintiff was guilty of negligence per se for violating the rule of the road summarized in the instruction's first paragraph. The fallacy of that assumption is demonstrated by the language of the instruction. It does not, as plaintiff contends, direct that if plaintiff violated the summarized rule of the road she was negligent per se. On the contrary, the instruction very clearly required these findings: that plaintiff was driving east intending to turn left at a certain intersection and that defendant was driving west approaching that intersection; that plaintiff failed to yield the right of way to defendant in that she turned left when defendant's car was so close to the intersection as to constitute an immediate hazard; that in so doing, plaintiff failed to exercise the highest degree of care and was negligent; and that such negligence, if any, contributed to cause the collision. Furthermore, it is apparent that, contrary to plaintiff's contention, the instruction did not place an absolute and unqualified duty on plaintiff to yield the right of way under every conceivable circumstance and, as noted, there likewise was no direction that failure to do so was negligence per se. Nor does the fact that the instruction did not specifically mention plaintiff's knowledge of the approach of defendant's car, *exclude* from the jury's consideration plaintiff's actual or constructive knowledge of the approach or discoverability of the approach of defendant's automobile. There was no dispute concerning defendant's discoverability or plaintiff's actual knowledge of his approach. Plaintiff testified she saw defendant's car when it was 100 or 150 feet away and the evidence was that at the time plaintiff had such actual knowledge of the approach and proximity of defendant's car, she had just started her left turn and was just over the center line, at a time and place when and where it was not too late to yield the right of way. Thus, the question which the jury must have understood was submitted by the instruction was whether plaintiff was negligent in continuing to turn left in front of defendant's approaching car at a time when she knew or should have known that it was so close as to constitute an immediate hazard. There was no necessity for the instruction, at least under the facts of this case, to define the words, or to spell out a formula for use in determining what constituted an, "immediate hazard." The words themselves are not ambiguous, are generally used, and are easily understood, Creech v. Blackwell, Mo., 318 S.W.2d 342, 350[6]; and under the undisputed evidence the jury reasonably could have found that plaintiff was charged with knowledge that defendant's approach from 100 to 150 feet at 70 to 80 miles per hour (about one second away), as plaintiff said, or at 50 miles per hour (about two seconds away), as defendant said, and particularly with another eastbound car occupying the eastbound lane, constituted an immediate hazard to her safety.

As we have indicated above, the cases cited and relied upon by the plaintiff deal in the main with the principles relating to negligence per se instructions; that is to say, instructions which set forth a rule of the road, hypothesize (sometimes in the exact language of the statute) a party's violation of that rule of the road, and direct that, if so, the party was guilty of negligence. For example, the first three of plaintiff's cited cases, Gaffner v. Alexander, Mo., 331 S.W.2d 622; MacArthur v. Gendron, Mo.App., 312 S.W.2d 146, and

Mann v. Pigg, Mo.App., 348 S.W.2d 618, variously hold that the rules of the road are not unyielding and inflexible and do not confer absolute rights or create absolute duties but may be qualified by circumstances which may exist under the evidence in particular cases; that sometimes there may be a valid excuse for failing to comply with a statutory rule of the road which one may prove and submit; that under some circumstances a portion of a statute may need judicial construction and thus sometimes it is misleading and erroneous to abstractly hypothesize only the pertinent portions of a rule of the road without also hypothesizing the essential facts in evidence to make clear the application of the rule to the particular facts. But the cited cases deal with negligence per se instructions and are irrelevant and inapplicable to a case such as the present one wherein the instruction specifically required a finding that plaintiff's turning in front of an admittedly closely approaching car was a failure to exercise commensurate care and constituted proximate negligence.

■ It is true that the second paragraph of instruction 3 made the first paragraph (summarizing a rule of the road) unnecessary. We are of the opinion, however, that the presence of surplus paragraph 1 did no harm and, under the facts of this case, did not make the instruction confusing or misleading. The decisive fact is that the jury must have understood that it could not find plaintiff contributorily negligent unless it found that by turning in front of defendant's approaching car she failed to exercise the highest degree of care and that such negligence contributed directly to cause her injury.

The judgment is affirmed.

HOLMAN and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by COIL, C., is adopted as the opinion of the court.

All concur.